Scott, Plaintiff in error, vs. The State, Defendant in error..

*November 14 — November 26, 1895.*

*Criminal law and practice: Possession of burglar's tools: Intent: Pleading: Improper remarks of district attorney.*

1. An information under ch. 63, Laws of 1893, charging defendant with having in his possession tools adapted and designed for cutting through, forcing, or breaking open buildings, rooms, etc., in order to steal therefrom money and other property, and alleging generally, in the words of the statute, his intent to use or employ the tools for the purposes aforesaid, is sufficient without charging specifically that he intended feloniously to steal, take, and carry away from the owner thereof money or other property found in such building, room, etc.

2. On the trial for such an offense the district attorney, in his argument to the jury, said, in effect, that defendant and two men arrested with him were thieves, and afterwards repeated the statement, and the court ruled that the remarks were warranted by the evidence. There being no evidence that defendant had ever been convicted or been guilty of larceny, such ruling was error.

Error to review a judgment of the municipal court of Milwaukee county: Emil Wallber, Judge. *Reversed.*

This was an information in the municipal court of the county of Milwaukee, charging that on the 14th day of December, 1894, at the county of Milwaukee, the plaintiff in error, *Patrick Scott,* unlawfully, feloniously, and knowingly did have in his possession certain machines, tools, and implements, that is to say, steel drills, skeleton keys, and other tools and implements adapted and designed for cutting through, forcing, or breaking open rooms, buildings, vaults, safes, or other depository there situate, in order then and there unlawfully and feloniously to steal, take, and carry away therefrom such money and other property capable of being stolen as might be found therein; he, the said *Patrick Scott,* at the time he had said machines, tools, and implements in his possession as aforesaid, well knowing the

same to be adapted and designed for the purposes aforesaid, and with the intent then and there, unlawfully and feloniously, to use or employ the same for the purposes aforesaid.

The defendant's counsel moved to quash the information, on the ground, among others, that it was indefinite; that, in order to make the averment of intent good, it was necessary to charge that the defendant intended feloniously to steal, take, and carry away from the owner thereof, money or other property found in such building, room, etc.; but the motion was denied.

After the plea of not guilty, it appeared at the trial that the defendant, with two others who were with him, had recently been arrested at the railroad station in Milwaukee, and had been taken from the front end of an express train from Chicago, upon which they had clandestinely ridden from that city. Upon searching the defendant the officers found down his pants' legs, and sticking down in his shoes, two small drills, two large drills, three skeleton keys, and other implements produced in evidence. Testimony was given to the effect that for any complete burglars' outfit, as for a man that would blow safes, drills, skeleton keys, hooks, etc., would be sufficient, the only things lacking would be a bit and brace, not usually carried, being too heavy, and usually procured at the place of operation, and that the said tools were such as were used in opening doors, drilling locks, and for safe work. The parties all claimed to be bridge builders, and that they came to Milwaukee to get work. The two others arrested with the defendant were discharged. The defendant claimed that he found the tools, etc., near Chicago, at Lamont, while walking along the road; that they were scattered along the roadside; and that he picked them up, and had carried them ever since. He admitted that they were not such tools as were used by bridge builders.

After other evidence had been produced, the state rested,

and the defendant's counsel moved that he be discharged on the ground that the state had failed to prove the offense charged. The trial judge denied the motion, saying, "I think there is evidence enough to have the case go to the jury;" and he refused to direct an acquittal.

In the closing argument of the district attorney to the jury, he made the statement: "From the testimony in this case, it appears that two men who came here with him [the defendant] *are just as big thieves as this defendant.*" The defendant's counsel objected to the statement, and the district attorney responded: "I will take it back if it makes it any better, and say that *I do not know as· they are quite as big thieves as he is.*" The defendant's counsel renewed his objection, and the court ruled "that the remarks of the district attorney *were warranted by the evidence.*"

After conviction and sentence, the defendant sued out this writ of error.

*John J. McAuliffe,* for the plaintiff in error, argued, among other things, that there was no evidence of any intent by defendant to use the tools found in his possession for the purposes charged in the information. Proof of intent was necessary in order to sustain a conviction. *State v. Morton,* 8 Wis. 352; *Neubrandt v. State,* 53 id. 89; *Hill v. State,* 57 id. 377, 379. There was no evidence that the defendant was a thief or that the two men who were arrested with him were thieves. The remarks of the district attorney to that effect, and the ruling of the court thereon, were therefore error. *Brown v. Swineford,* 44 Wis. 282; *Susse v. State,* 68 id. 530; *Elliott v. Espenhain,* 59 id. 272, 277; *Baker v. Madison,* 62 id. 137, 146; *People v. Dane,* 59 Mich. 550, and cases in notes; *People v. Montague,* 71 id. 447; *People v. Treat,* 77 id. 348; *State v. Smith,* 75 N. C. 307; *Ferguson v. State,* 49 Ind. 33; *Tucker v. Henniker,* 41 N. H. 317, 320; *State v. Balch,* 31 Kan. 465.

For the defendant in error there was a brief by the *At-*

torney General and John L. Erdall, Assistant Attorney General, and oral argument by Mr. Erdall. To the point that the information was sufficient, they cited State v. Clark, 42 Vt. 629; People v. Shaber, 32 Cal. 36; Comm. v. Moore, 130 Mass. 45; Tully v. Comm. 4 Met. 357; Comm. v. Glover, 111 Mass. 395; Comm. v. Darling, 129 id. 112; Bishop, Directions & Forms, § 253, note 1; 2 Bishop, Crim. Proc. § 142; Reg. v. Lawes, 1 Car. & K. 62; Steuer v. State, 59 Wis. 472, 475; S. & B. Ann. Stats. sec. 4669; Bonneville v. State, 53 Wis. 680.

PINNEY, J. 1. Ch. 63, Laws of 1893, provides that " every person who shall knowingly have in his possession any engine, machine, tool or implement adapted and designed for cutting through, forcing or breaking open any building, room, vault, safe or other depository in order to steal therefrom any money or property, knowing the same to be adapted and designed for the purposes aforesaid, with intent to use or employ the same for the purposes aforesaid, shall be, on conviction thereof, punished," etc. The intent essential to constitute the offense is the intent to use or employ such implements or tools for the purpose of cutting through, forcing, or breaking open any building, room, vault, safe, or other depository, in order to steal therefrom any money or property; and this is clearly and plainly charged in the information in the very words of the statute. As the offense is a statutory one, the information thus charging it is sufficient. The intent specified in the statute is to accomplish a certain result in order or so that the accused may steal from any building, room, or safe, etc., money, etc., and it was enough to allege possession of such tools, etc., with the intent specified and in the language of the statute. In Comm. v. Tivnon, 8 Gray, 375, 380, under a statute the same in terms as the present, it was held that " the general intent was sufficient, and it was not necessary to allege or prove

any intent to use the tools in a particular place, or for a particular purpose, or in any definite manner." From the very nature of the offense it would, in general, be impossible to allege or show an intent to deprive any particular owner of his property. The objection to the information was rightly overruled.

2. The court properly ruled that there was evidence sufficient to require that the case should be submitted to the jury, and for that reason denied the motion to discharge the defendant and direct an acquittal. In the ruling of the court upon the objections to the remarks of the district attorney, we think the trial judge committed a serious error, requiring a reversal of the judgment and a new trial. The statement of the district attorney in his closing argument was not by way of legitimate argument, but by assertion of a fact, stated quite explicitly, that the defendant was a thief, and that the two men who came to the city with him "were just as big thieves as this defendant;" and, when objection was made, he reiterated the charge, saying: "I will take it back if it makes it any better, and say that I do not know as they are quite as big thieves as he is." The bill of exceptions purports to contain all the evidence given on the trial, and we find nothing in the bill to warrant the assertion of the district attorney, which went to the jury with the sanction of the opinion of the court in its favor, to the effect that "the remarks of the district attorney were warranted by the evidence." There was no evidence that the defendant had ever been convicted, or had ever been guilty, of larceny. He was on trial for having tools, implements, etc., in his possession, in order to steal from buildings, rooms, safes, etc., such money or property as he might find therein, and with intent to unlawfully use and employ said tools for such purposes. Whether he had possession of them for that purpose and with that intent was a vital question, entirely for the jury upon the evidence. The fact that he had them se-

Neilson vs. Chicago & Northwestern R. Co.

creted in the legs of his pants and in his shoes was evidence from which the jury might or might not infer the criminal purpose alleged. The repeated assertion of the district attorney that the defendant was a thief, followed by the ruling of the court that it was warranted by the evidence, could not but have exercised a decided influence upon the jury. The defendant was entitled to a trial upon the evidence produced, unaffected by the statement of extrinsic facts or extraneous considerations. The effect of the ruling in question was to impair that right, and to improperly and unfavorably affect his case before the jury. For this reason there must be a new trial.

*By the Court.*— The judgment of the municipal court is reversed, and the cause is remanded for a new trial. The keeper of the house of correction for Milwaukee county will deliver the defendant to the sheriff of Milwaukee county, who will receive and keep him in his custody until discharged therefrom by due course of law.