STATE OF IOWA, Appellee, v. JOHN C. ERDLEN, Appellant.

**Possession of burglar's tools:** INDICTMENT. In charging a defendant with being in possession of burglar's tools with intent to commit the crime of burglary, an indictment in the language of the statute, Code, section 4790, is not sufficient; there must be a specific description of the tools.

*Appeal from Wapello District Court.*— HON. M. A. ROBERTS, Judge.

TUESDAY, JUNE 13, 1905.

THE defendant, after plea of not guilty, was convicted of the crime of being found in possession of burglar's tools with intent, etc., and he appeals.— *Reversed.*

*Jaques & Jaques,* for appellant.

*Chas. W. Mullan,* Attorney-General, and *Lawrence De Graff,* Assistant Attorney-General, for the State.

BISHOP, J.— The charge made in the indictment, in substance, is that the defendant at a time named, and in the county of Wapello, " did unlawfully, willfully, and feloniously then and there be found having in his possession burglar's tools and implements, with intent to commit the crime of burglary," etc. After verdict defendant presented

his motion in arrest of judgment, based upon the insufficiency of the indictment to warrant or sustain a conviction, and this for the reason in particular that the indictment contained no description of the tools or implements alleged to have been found in his possession, and which were claimed to be burglar's tools and implements. The motion was overruled, judgment was pronounced, and this appeal followed.

The statute upon which the indictment was based (Code, section 4790) reads as follows: "If any person be found having in his possession at any time any burglar's tools or implements with the intent to commit the crime of burglary, he shall be imprisoned," etc. It will be observed that the indictment follows substantially the language of the statute, and undoubtedly it was the thought of the framer of the instrument that such was sufficient. In this conclusion we cannot agree. The requirement as to the charging part of an indictment is that it shall "contain a statement of the facts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." Code, section 5280. And, further: "The indictment must be direct and certain as regards the particular circumstances of the offense charged, when they are necessary to constitute a complete offense." Code, section 5282. Now, it is plain enough that being found in possession of burglar's tools, with intent, etc., constitutes the gist of the statutory offense. The statute does not, however, undertake to define what tools come within the meaning of the term as used. And, turning away from the statute, we cannot say that any particular tool or set of tools is so generally and exclusively known as burglar's tools that the common mind must needs picture the same upon the bare utterance of the expression, and without further description. Quite to the contrary, it is undoubtedly true that any one of possible thousands of tools may be used by a burglar in the prosecution of his marauding expeditions. Indeed, it is difficult to

conceive that there can be any tools made use of by burglars — from the bungler to the expert — which may not also have a place in the uses of legitimate industry. Accordingly it must be true that any tools alleged and shown to be such as are commonly made use of by burglars, or which may be used by the possessor thereof to enable him to commit the crime of burglary, will be sufficient to satisfy the primary requirement of the statute. The rest must depend upon the question of intent as to use. As we have seen, the purpose of an indictment is to make plainly known to the person accused the particular circumstances of his offense, and, in our view, this requirement is not met by anything less than a description which shall be sufficient to advise him what particular tools he is charged with having in possession with intent, etc. Without such description it might well be impossible to prepare for a defense, inasmuch as the prosecution could confront the defendant upon the trial with proof of possession of any one or more of an almost indefinite number of tools or implements. This the law did not intend, and will not tolerate. Moreover, the accused is entitled to have the charge of the indictment specific and certain to the end that, whether convicted or acquitted, he may not again be made subject to a second indictment based upon the facts of the offense first charged.

We are aware that there are cases where indictments charging an offense in the language of the statute have been unheld. But all such will be found to be cases where the language of the statute used concretely was sufficient of itself to point out with particularity the offense intended to be charged; in other words, no further description was needed to advise the accused of the precise nature and character of the crime for the commission of which he was called to answer. Of such cases are the following, cited by counsel for the State: *State v. Shaw*, 35 Iowa, 575; *State v. Smith*, 46 Iowa, 670; *State v. Whalen*, 98 Iowa, 662. So, too, there are cases where some laxity in the requirement of the

rule has been acquiesced in, if not approved, because of the demands of decency, etc.; but of these there can be no occasion to speak further.

We conclude that, as the indictment did not designate the tools and implements found in possession, a particular crime distinct from any other was not charged, and the motion in arrest should have been sustained. Accordingly the judgment must be and it is *reversed*.