## PEOPLE *v*. DONOVAN.

CRIMINAL LAW—POSSESSION OF BURGLARS' TOOLS—INTENT — EVIDENCE—INFERENCES.

In a prosecution for having in his possession burglars' tools with an intent to use them, in violation of 3 Comp. Laws 1915, § 15334, testimony that tools adapted to the business of a burglar were found secreted upon defendant's person and that he ran away when his suspicious conduct attracted the attention of the policeman who arrested him, *held*, sufficient to justify the jury in inferring a felonious intent.

Error to recorder's court of Detroit; Heston (William M.), J. Submitted October 13, 1921. (Docket No. 174.) Decided November 3, 1921.

Daniel Donovan was convicted of having burglars' tools in his possession, and sentenced to imprisonment for not less than 5 nor more than 10 years in the State prison at Jackson. Affirmed.

As to what are burglar's tools within statute forbidding possession of such tools, see note in 50 L. R. A. (N. S.) 825.

*Thomas L. Dalton* (*Frederick P. Hempel*, of counsel), for appellant.

*Merlin Wiley*, Attorney General, *Paul W. Voorhies*, Prosecuting Attorney, and *John V. Brennan*, Assistant Prosecuting Attorney, for the people.

BIRD, J.   Defendant was convicted in the recorder's court for the city of Detroit of having in his possession burglars' tools, knowing them to be such, with an intent to use them, in violation of section 15334, 3 Comp. Laws 1915.

Defendant was seen on the forenoon of March 25, 1920, running north on Second street in the city of Detroit.   His conduct appeared to a policeman, who happened to see him, as being somewhat suspicious. He followed and apprehended defendant just as he was turning into an alley off from Jones street.   He was taken to the station house and there was found secreted in his clothes 11 keys, 8 of which were skeleton keys, and 3 were master keys for opening spring locks. Beside this there were found a lock-blade knife, screw driver, a pair of pliers and a jimmy.   Upon the trial testimony was offered showing that these tools were adapted to the business of a burglar, and also proof of the circumstances under which defendant was arrested.   Upon this testimony the defendant was found guilty.

The point is made by counsel that defendant should have had a directed verdict because the offense with which he was charged was not established.   This is based upon his contention that there was no proof of defendant's intent to use the tools in committing a burglary.   We do not find any direct proof in the record of defendant's intent.   The people relied principally upon the inference to be drawn from his possession of the tools to establish the question of intent.   Counsel's contention raises the question,

whether the testimony was sufficient to justify the jury in inferring felonious intent from the fact that defendant had burglars' tools secreted in his clothing.

The cases under this statute which have reached this court have been supported by other proof than the fact of possession of burglars' tools. It was shown in *People* v. *Jefferson*, 161 Mich. 621, that defendant had been a burglar and sneak-thief by occupation ffor several years, and a similar showing was made in *People* v. *Howard*, 73 Mich. 10. It was held in these cases that possession of the burglars' tools, together with this additional fact, were sufficient to submit to the jury upon the question of intent. The question here presented has, however, been passed upon by the Wisconsin court. In the case of *Scott* v. *State*, 91 Wis. 552 (65 N. W. 61), the defendant was informed against under a similar statute. He was arrested at the railway station in Milwaukee, after he had been taken from the front end of an express train, upon which he had been stealing a ride. Upon searching him they found burglars' tools secreted in his clothing. Testimony was given that these tools were adapted for the business of burglary. Upon this proof the jury found the defendant guilty and he appealed, making the same point as is made here. The court there said in part:

"There was no evidence that the defendant had ever been convicted, or had ever been guilty, of larceny. He was on trial for having tools, implements, etc., in his possession in order to steal from buildings, rooms, safes, etc., such money or property as he might find therein, and with intent to unlawfully use and employ such tools for such purposes. Whether he had possession of them for that purpose and with that intent was a vital question, entirely for the jury upon the evidence. *The fact that he had them secreted in the legs of his pants and in his shoes was evidence from which the jury might or might not infer the criminal purpose alleged.*"

See, also, *People* v. *Reilly,* 49 App. Div. 218 (63 N. Y. Supp. 18) ; *People* v. *Morgan,* 13 N. Y. Supp. 448; *People* v. *Thompson,* 33 App. Div. 177 (53 N. Y. Supp. 497).

The jury in the present case had before them the suspicious circumstances attending his arrest, and the fact that he had secreted in his clothing tools adapted to the business of burglary.    We are of the opinion that these proofs were sufficient to submit to the jury on the question of felonious intent.    When a man goes about with burglars' tools secreted in his clothing, it is fair to infer that he intends to use them for the purpose for which they are adapted.    The inference may be strong or weak, depending upon the explanation which the defendant gives for having them on his person.    We think this is the only meritorious question presented by defendant's assignments of error.

The judgment of conviction is affirmed.

STEERE, C. J., and WIEST, STONE, CLARK, and SHARPE, JJ., concurred.    MOORE and FELLOWS, JJ., did not sit.