# Commonwealth of Pennsylvania v. Joseph Bruno, Appellant.

*Criminal law—Criminal procedure—Carrying concealed deadly weapons—Prima facie case—Section 1, Act of March 18, 1875, P. L. 33—Evidence—Credibility of witnesses.*

Where the defendant was indicted under the provisions of the Act of March 18, 1875, P. L. 33, Section, 1, for carrying a concealed deadly weapon, and the Commonwealth proves that the deadly weapon was carried concealed, a prima facie case is made out, and the matter must go to the jury and a verdict of guilty will be sustained.

Argued November 21, 1923.   Appeal, No. 292, Oct. T., 1923, by defendant, from judgment of sentence of Q. S. Bucks Co., March Sessions, 1922, No. 12, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. Joseph Bruno.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Indictment for carrying a concealed deadly weapon. Before RYAN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.   Defendant appealed.

*Error assigned* was the charge of the court to the jury.

*William A. Gray,* for appellant.

*Hiram Keller,* District Attorney, for the appellee.

PER CURIAM, December 13, 1923:

The defendant was convicted of carrying a concealed deadly weapon, in violation of the provisions of the Act of March 18, 1875, P. L. 33, section 1. There was no doubt that the defendant, when arrested, had the revolver in his overcoat pocket. The offense consists in carrying such a weapon concealed "With the intent therewith unlawfully and maliciously to do injury to any other person;" and the statute expressly provides that: "The jury trying the case may infer such intent as aforesaid, from the fact of the said defendant carrying such weapon in the manner aforesaid." When the Commonwealth proves that the weapon is carried concealed a prima facie case is made out, one which must go to the jury. This defendant called three witnesses who testified as to the manner in which the defendant came to have the revolver in his possession; this testimony was, of course, oral, and the credibility of the witnesses was for the jury. The learned judge of the court below instructed the jury that if they believed the testimony of these witnesses it would be their duty to render a verdict of not guilty, that they should acquit him unless they were satisfied of his guilt beyond a reasonable doubt. This was a correct statement of the law. The court would have erred, in view of the provisions of the statute, if it had withdrawn the case from the consideration of the jury. The assignments of error are dismissed.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.