Commonwealth *v.* Lanzetti and Lanzetti, Appellants.

Argued October 7, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Henry M. Stevenson,* for appellants.

*John H. Maurer,* Assistant District Attorney, and with him *John Monaghan,* District Attorney, for appellee.

OPINION BY TREXLER, J., November 22, 1929:

The defendants were sitting on the rear seat of an automobile and were proceeding on a street in Philadelphia. They were noticed by certain detectives who stopped them and searched them and the car in which they were. No weapons were found upon their persons, but under the cushions in the rear seat, were two loaded revolvers. They were arrested and charged with carrying concealed deadly weapons on their persons and upon trial were convicted.

The question which we are required to decide is whether the court was right in holding that they could be convicted of carrying concealed deadly weapons. The Act of 18th of March, 1875, P. L. 33, provides, "Any person within this Commonwealth who shall carry any fire-arms, slung-shot, handy-billy, dirk-knife, razor or any other deadly weapon, concealed upon his person, with the intent therewith unlawfully and maliciously to do injury to any other person, shall be deemed guilty of a misdemeanor; etc." It will be noticed that the act provides that the deadly weapons shall be concealed "upon the person" of the offender. The court in its instructions to the jury stated, "In case you have any concern as to what it means to have these guns upon the person, I want to clear that up for you. If these men were sitting in the back seat and knew those guns were there, that is sufficient for you to say that they were carrying concealed deadly weapons to do unlawfully bodily harm."

There are numerous cases from other states construing statutes of somewhat similar import, but the words there employed are "about the person" or "on or about the person." We will not encumber this opinion by

an enumeration of these cases which the industry of counsel has collected, for they do not apply. Many of them are cited in Words & Phrases, 3rd Series, Volume 5, p. 33, L. R. A. (N. S.) 23-173, 3 Dec. Digest 27-1459, A. L. R. 50-1534. The words "on" or "about" have a broader meaning than "upon." " 'About' means near by, close at hand, convenient of access and within such distance of the party so having it as that such party could without materially changing his position get his hand on it. Welsh v. State, 262 S. W. 485, 97 Tex. C. R. 617." The words "on" or "upon" signify closer contact. In common parlance when someone has an article on his person, it means that it is either in contact with his person or is carried in his clothing.

When these defendants sat upon the seat of the automobile and the weapons were under the cushions upon which they were sitting, they were not concealed on their persons. In Com. v. Bruno, 82 Pa. Superior Ct. 388, a revolver carried in an overcoat pocket was held to be within the act. Even if such revolver were in an overcoat pocket which the accused was carrying on his arm, it would not be a stretch of the meaning of the phrase to hold that it was on his person, but we are not justified in going so far as to hold that the word "upon" is to be construed as "adjacent." We must follow the ordinary everyday meaning attached to the phrase "on the person." We are held to a strict construction of the act. We are therefore constrained to hold that the court was in error in holding that the facts in the case permitted a conviction of the defendants of the crime charged.

The judgment is reversed and the defendants are discharged without day.