## Commonwealth v. Losier

*Rabe F. Marsh* and *John K. Best*, for Commonwealth.

*Pollins & Pollins*, for defendant.

BAUER, J., January 28, 1950.—This case comes on for hearing before the court on an appeal from a summary conviction, and was heard de novo by the court.

The information charges that defendant did "wilfully, wantonly and unlawfully in the Keystone State Park in the waters of this Commonwealth at or near New Alexandria in said County and State . . . catch, kill or have in his possession thirty-eight (38) fish, namely blue or sunfish, being more than permitted by law —— and did not return the said fish to the waters from which they were taken in the condition in which they were caught, contrary to Sections 40, 41 and 42" of the act of assembly.

The facts show that defendant was arrested on August 20, 1949, at about 8:30 o'clock p. m., and thereafter was taken by three game wardens to the office of Justice of the Peace James E. Murphy, in Latrobe, Pa., at which time one of the game wardens, Leroy L. Logan, made an information against defendant, and the justice of the peace fined defendant the sum of $380 and costs; that particular evening defendant paid $200 of the fine, with the understanding that he would pay the balance on the following Monday, to wit, August 22, 1949.

On August 22, 1949, defendant appeared at the office of the justice of the peace, and another game

276

warden was present there and signed another information against defendant, charging him with the same offense. Defendant then paid the balance of his fine and the costs, and was induced to sign a plea of guilty on the new information. This plea was signed on the back of this new information. It is well to note that while the information shows that this new information was sworn to on August 20, 1949, the game warden did actually swear to this information on August 22, 1949.

The testimony as taken before the court shows that at the time of this apprehension of defendant there were five persons in his party who were fishing, including defendant; that the fish they caught were put in two buckets or containers, one being a small one which contained 15 fish, and the other a large can which contained the other fish. Harry Losier, one of the persons in this fishing party, testified that he had caught 15 fish, and Mr. George Ruby testified that he had caught 15 fish, and the two boys, aged 9 and 11 years, each testified they caught 11 and 9 fish, respectively. This would establish ownership of the fish in the large bucket, and since all these persons were in the automobile where the fish were, each had in his possession the number of fish caught, regardless of whose or what containers or cans they were in. This testimony was not rebutted by the Commonwealth. The testimony is positive that all these fish, other than 15 that were in the one container or bucket, were alive and were returned to the waters from which they were taken by the game wardens, before they had taken defendant into the office of the justice of the peace.

It is apparent to the court that the Commonwealth, by its testimony, has failed to prove that defendant violated the provisions of the Fish Law of May 2, 1925, P. L. 448, as amended 30 PS §1. Section 40 of the

act provides that no person, "except as in this article otherwise provided, shall in any one day catch, kill, or have in possession more than the number of fish or fish-bait hereby designated for the respective species, that is to say: . . . (i) Sunfish, fifteen". Section 41 provides as follows:

"Penalty.—Any person violating the provision of section forty of this act shall on conviction, as provided in chapter fourteen of this act, be sentenced to pay a fine of ten dollars for each fish or fish-bait taken, caught, or had in possession over the number respectively allowed by this act."

Section 42 provides as follows:

"Exceptions to Penalty.—In computing the number of fish taken, caught, or had in possession, the number of fish returned in the condition in which they were caught to the waters from which they were taken shall be omitted, and the provisions of this article do not apply to fish or fish-bait artificially propagated under the authority of this act."

It is to be noted that all the fish over 15 had been returned to the waters whence they came by the game wardens. Thus the testimony brings the facts of this case within the purview of the exceptions to the penalty contained in section 42. It was contended by the Commonwealth that the intent of this section was that only fish which had been returned to the waters by the fisherman himself were exempted. The wording in this section does not so state. It merely states that if they are returned, in the same condition, they shall be omitted in computing the fine, and mentions nothing about who is to return them to the waters.

Sections 41 and 42 of the act are penal provisions, and must be strictly construed.

Section 58 of the Satutory Construction Act of May 28, 1937, P. L. 1019, provides, inter alia, as follows: "All provisions of a law of the classes hereafter

enumerated shall be strictly construed: (1) Penal provisions." This section of the Statutory Construction Act merely incorporates into statutory law what the existing law was as established by stare decisis: Commonwealth v. Lanzetti and Lanzetti, 97 Pa. Superior Ct. 126.

It would have been very easy for the legislature to have placed in this section a provision that fish returned *by a fisherman* would not be counted in the fine, if they had so intended. The purpose of the Fish Law, as with other game laws, is to conserve the wild life of this Commonwealth. In the case now before us the waters of the Commonwealth are not deprived of a single fish, except the 15 allowed defendant by the fish wardens, as the limit for one person.

It would seem to the court that the accumulated fines in this case were excessive and contrary to the letter and spirit of the Federal and State Constitutions. The eighth amendment to the Constitution of the United States provides as follows: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Section 13 of article I of the Constitution of Pennsylvania provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." The offense in this case is not a malum in se but is a malum in prohibitum. This was not an offense at common law but was made so by statute. Hence the Fish Law of 1925 is in derogation of the common law, and consequently fines imposed under the statute should be restricted and moderate. To accumulate fines for the same offense, as was done in this case, results in an excessive fine, and hence is in violation of both the State and Federal Constitutions: Commonwealth v. Kaskey, 34 Luz. 93.

Not taking into consideration the two informations or the constitutional questions, it is clearly evident

that the Commonwealth has not made out a case under sections 40, 41 and 42 of the act. As this is a summary conviction, this act must be strictly construed.

After hearing this case de novo and listening to all the witnesses, we are compelled to the conclusion that the Commonwealth has not made out a case, and that the appeal should be sustained and defendant should be found "Not Guilty", and that the fine, which was excessive, should be refunded to defendant in full.

And now, to wit, January 28, 1950, after hearing, it is ordered, adjudged and decreed that the appeal on behalf of Clarence C. Losier be and the same hereby is sustained, and defendant, Clarence C. Losier, is found not guilty; and the Commonwealth of Pennsylvania is ordered and directed to remit to defendant, Clarence C. Losier, the fine, amounting to $380, and the costs, in the amount of $5.70.