## Commonwealth v. Vollmer

*Edward J. Blatt*, district attorney, for Commonwealth.

*Benjamin R. Coppolo*, for defendant.

HIPPLE, P. J. (twenty-fifth judicial district, specially presiding), September 8, 1952. — This appeal from a summary conviction before a justice of the peace involves the interpretation of sections 701 and

731, subsec. (q), of The Game Law of June 3, 1937, P. L. 1225, 34 PS §§1311.701 and 1311.731, as amended by the Act of April 14, 1949, P. L. 434.

Section 701 provides:

"Except as otherwise provided in this Act, it is unlawful for any person to take or kill or wound, or attempt to take or kill or wound, any game, except during the open season, or to *have in possession*, either living or dead, any game, or *any part thereof*, except game lawfully taken during the open season, which may be had in possession during the open season therefor and for sixty days thereafter."

This section defines various criminal offenses, including the possession in closed season of any part of game not taken in open season.

Section 731, subsec. (q), designates the penalties for the offenses defined in section 701. It provides:

"Except as otherwise herein provided, for hunting, or chasing, or catching, or taking, or killing, or wounding, or receiving, or delivering, or transporting, or shipping or using or concealing or assisting to conceal, or having in possession, or attempting to hunt for, catch, take, kill, wound, or transport contrary to this article, or regulations adopted thereunder by the Commission, or for violating any of the provisions of this article relating to the shipping or transportation or removal out of this Commonwealth, or relating to the buying or selling or bartering of . . . *Each bear, two hundred dollars*."

The information upon which defendant was arrested specifically charged that he had "in his possession parts of a bear, found in a wild state and protected by the Laws of this Commonwealth in closed season." The testimony before the justice of the peace, shown by his transcript, was to the effect that several pieces of bear meat were found in a nail keg next to the furnace in the home of defendant. He was con-

victed by the justice, who imposed a fine of $200 and costs.

At the hearing before the court, defendant's counsel admitted that defendant did have in his possession parts of a bear during the closed season. However, he moved that the information be quashed and the prosecution dismissed because the possession merely of *parts* of a bear in closed season was not a crime or offense under The Game Law since no provision was made by The Game Law for any punishment therefor.

While section 701 makes it unlawful for any person to have in possession any part of any game during the closed season, section 731, prescribing the penalties for the offenses defined in section 701, omits entirely the offense of having in possession any part of game. On the contrary it specifies the penalty for each wild animal, without designating a penalty for any *part* of a wild animal. Thus the fine for having in posssession "each bear" in closed season is fixed at $200.

While defining the possession of part of a game animal during the closed season as an offense, The Game Law is silent as to any penalty therefor. Consequently the court is without jurisdiction to impose a penalty. It is significant that section 731, as amended by the Act of 1949, specifically fixes the penalty for the possession of "each bear" at $200. Sections 701 and 731 are penal provisions and must be strictly construed. The Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 58, 46 PS §558, provides: "All provisions of a law of the classes hereafter enumerated shall be strictly construed; (1) Penal provisions." As held in Commonwealth v. Losier, 71 D. & C. 274-278:

"This section of the Statutory Construction Act merely incorporates into statutory law what the existing law was as established by stare decisis: Commonwealth v. Lanzetti and Lanzetti, 97 Pa. Superior Ct. 126."

It is interesting to note that sections 501 to 506 of The Game Law (34 PS §§1311.501-1311.506) define a number of offenses. Section 506 lists five specific penalties. However, it contains a catch-all clause as follows:

"For violating any of the provisions of this article not above specifically provided for, or for violating any of the rules and regulations of the Commission adopted under the provisions of this Article, Twenty-five Dollars and costs of prosecution for each offense."

The penalizing section 731 did not include a catch-all penalty to provide for the offense defined in section 701, viz., having in possession parts of a bear not taken in the open season. It would have been a very simple matter for the legislature to have inserted in article VII a provision in the nature of a catch-all penalty for any offense defined in section 701 not specifically stated to have a penalty attached in section 731, if the legislature had so intended. If it was the intention of the legislature to impose a penalty for having in possession parts of a wild game animal during the closed season, not taken in open season, a clause in the nature of a catch-all penalty would have been inserted. This having been omitted, it is apparent that the legislature did not intend to penalize a person for having in his possession during the closed season parts of a wild game animal not taken in the open season.

At the 1951 session of the legislature, House Bill 1056 was introduced to amend clause (q) of section 731 of The Game Law by inserting penal provisions specifically applying to the possession of portions, as well as the whole, of wild game. This bill, while it passed both the House and Senate, was vetoed. In his veto message the Governor stated:

". . . under existing law there had been some question whether the penalties may be imposed where only a part of the animal or bird is illegally transported

254

or *possessed.* In an attempt to remove any ambiguity in this respect, the bill used amendatory language which is entirely too broad, and if enacted into law will cause more harm than the situation intended to be remedied."

Even if the court had authority to impose a penalty of $200 upon defendant for the possession of parts of a bear in closed season, not taken in open season, this fine would, in our opinion, be excessive and contrary to the letter and spirit of the Federal and State Constitutions.

In Commonwealth v. Losier, supra, construing the Fish Law of 1925, it was stated:

"The Eighth Amendment to the Constitution of the United States provides as follows: 'Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.' Section 13, of Article I of the Constitution of Pennsylvania provides: 'Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted.' The offense in this case is not a malum in se but is a malum in prohibitum. This was not an offense at common law but was made so by Statute. Hence the Fish Law of 1925 (Game Law herein) is in derogation of the Common Law, and consequently fines imposed under the Statute should be restricted and moderate."

The Governor, in vetoing House Bill No. 1056, further stated:

"The language of the bill make the transportation or *possession* of any number of parts of a single animal or bird subject to a separate penalty for each part. Bearing in mind that a single penalty may be as much as $200 it can readily be seen that the act, as proposed to be amended by the bill, could conceivably impose a penalty out of all proportion to the infraction of the law involved."

Even if the court, because defendant admitted possession of parts of a bear during the closed season, could impose a penalty of $200, which is the only penalty provided in case of a whole animal, such fine or penalty would be excessive and "out of all proportion to the infraction of the law involved."

For these reasons, the appeal must be sustained and defendant discharged.

### Decree

Now, September 8, 1952, for the reasons stated in the foregoing opinion, defendant, Gilbert George Vollmer, is found not guilty and is discharged. Costs to be paid by the County of Elk.