## Commonwealth *v.* Dionisio, Appellant.

Submitted March 22, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Carmen Dionisio,* appellant, in propria persona.

*Christopher F. Edley* and *Victor Wright,* Assistant District Attorneys and *Samuel Dash,* Acting District Attorney, for appellee.

OPINION BY RHODES, P. J., July 21, 1955:

The sole issue in this case is whether there was sufficient evidence to sustain a conviction for unlawful possession of burglary tools under section 904 of the Penal Code, Act of June 24, 1939, P.L. 872, 18 PS §4904.

The defendant, Carmen Dionisio, was indicted on bill of indictment No. 17, September Sessions, 1954, in the Court of Quarter Sessions of Philadelphia County. Defendant pleaded not guilty to the charge, waived a jury trial, and was found guilty by Judge CARROLL before whom the case was tried. Counsel for the defend-

ant moved for a new trial but later withdrew the motion. Defendant was sentenced to three years imprisonment in the Philadelphia County Prison.

From the evidence presented at the trial, it appears that on August 11, 1954, defendant was arrested near his home by police officers. They were en route to defendant's home with a warrant for his arrest on a charge of burglary.[1] Defendant denied participating in a burglary and invited the officers to search his home to see if he had anything pertaining to it. In searching defendant's home, the officers found a .38 caliber revolver, which was concealed, ammunition, a blackjack and approximately twenty diagrams and sketches, admittedly drawn by defendant, of certain types of standard safes in general use in the Philadelphia area, which outlined and described the steps required to open such safes. In addition, the officers found scattered throughout the house a large quantity of tools and materials, including an electric drill, steel drills of assorted sizes, an extension cord with light attached, a three-pound sledge with a 9" handle, a three-pound maul with a 9" handle, drift pins, a pinch bar, pliers, flashlight, 10 pairs of cotton gloves, steel plugs, center punches, glass cutter, files, an illuminated magnifier, a glass magnifier, lock tumblers, and an assortment of picks, tension springs, and wedges used for picking locks. Defendant said he was a barber, and stated the tools were for use in his home. Many of the tools were found in the cellar of defendant's home which contained no other equipment rendering it suitable as a workshop. The electric drill was found under a trench coat. The pocket of the coat contained

---

[1] Defendant was charged with buglary in bill of indictment No. 18, September Sessions, 1954. He entered a plea of guilty prior to his sentence on bill No. 17, September Sessions, 1954.

steel drills, drift pins, and cotton gloves. More cotton gloves, an illuminated magnifier, and the sketches and diagrams of certain types of safes were found on the second floor in a cabinet used as a wardrobe by defendant. After presenting this evidence the Commonwealth rested. Defendant demurred to this evidence and was overruled. Without offering any testimony defendant moved for a directed verdict which was denied, and he was adjudged guilty as charged.

The Act of June 24, 1939, P.L. 872, §904, 18 PS §4904, provides: "Whoever has in his possession any tool, false-key, lockpick, bit, nippers, fuse, force-screw, punch, drill, jimmy, or any material, implement, instrument or other mechanical device, designed or commonly used for breaking into any vault, safe, railroad car, boat, vessel, warehouse, store, shop, office, dwelling house, or door, shutter or window of a building of any kind, with the intent to use such tools or instruments for any of the felonious purposes aforesaid, is guilty of a misdemeanor, . . ."

In order to sustain a conviction under the act, it is clear from the statute that the Commonwealth must establish, beyond a reasonable doubt, the following three elements: (1) Possession by the defendant; (2) the tools are such as are within the purview of the act; (3) possession by the defendant with the intent to use the tools for any of the felonious purposes set forth in the act.

The tools were found in defendant's home; he said to the officers that he used them around the house and owned some of them. No other explanation was offered. This clearly establishes defendant's possession of the tools. It was not necessary that the tools be found on defendant's person. In *Com. v. Thurman*, 167 Pa. Superior Ct. 642, 645, 76 A. 2d 483, 484, involving a conviction under section 904, we said: "The offense

as defined in the Act does not require that the tools be found on a defendant's person as in the case of carrying concealed weapons. Cf. Commonwealth v. Lanzetti and Lanzetti, 97 Pa. Superior Ct. 126." Decisions in other jurisdictions having similar statutes likewise hold that the tools need not be found on a defendant's person. *State v. Erdlen,* 127 Iowa 620, 103 N. W. 984; *State v. Kappen,* 191 Iowa 19, 180 N. W. 307; *Phillips v. State,* 154 Neb. 790, 49 N. W. 2d 698.

As to the second element, whether the tools are within the purview of the act, it is not necessary that the tools or implements were originally made or intended for an unlawful use. If they are suitable for felonious breaking and entering, it is immaterial that they can be adapted also for lawful uses. *Com. v. Tivnon,* 8 Gray 375, 74 Mass. 375, 380, 69 Am. Dec. 248, 251; *State v. Erdlen,* supra, 127 Iowa 620, 103 N. W. 984; *Com. v. Riley,* 192 Ky. 153, 232 S. W. 630; *O'Neill v. State,* 105 Neb. 824, 182 N. W. 503; *State v. Pulley,* 216 S. C. 552, 59 S. E. 2d 155; *Martin v. State,* 203 Md. 66, 98 A. 2d 8; 103 A. L. R. 1313, 1322. It is sufficient if the tools are commonly used in committing burglary. *Black v. Com.,* 171 Ky. 280, 188 S. W. 362. While such tools as drills, pinch bars, drift pins, center punches, steel plugs, picks, tension springs, wedges and sledge hammers may be used for legitimate and lawful purposes, they are suitable for felonious purposes and are commonly used or employed for such purposes.

The third element, possession with the intent to use the tools for any of the felonious purposes set forth in the act, cannot be inferred from the mere possession of the tools. The Legislature, in enacting section 904 of the Act of June 24, 1939, P. L. 872, 18 PS §4904, omitted that part of the Act of March 14, 1905, P.L. 38, §1, which provided that the jury could infer such

intent from the mere possession of the tools. Such omission by the Legislature is significant and must be construed to indicate that proof of intent requires more than possession. Statutory Construction Act of May 28, 1937, P.L. 1019, Art IV, §51, 46 PS §551. However, proof of a general intent is sufficient. It is not necessary to allege or prove an intent to use the tools in a particular place, for a special purpose or in any particular manner. *State v. Hefflin*, 338 Mo. 236, 89 S. W. 2d 938; *Com. v. Tivnon*, supra, 8 Gray 375, 74 Mass. 375, 69 Am. Dec. 248; *O'Neill v. State*, supra, 105 Neb. 824, 182 N. W. 503; *People v. Taranto*, 2 Ill. 2d 476, 119 N. E. 2d 221. Such general intent[2] need not be proved by direct evidence, but may be indicated by the circumstances surrounding the possession. *State v. Kappen*, supra, 191 Iowa 19, 180 N. W. 307; *State v. Furlong*, 216 Iowa 428, 249 N. W. 132; *Kitts v. State*, 153 Neb. 784, 46 N. W. 2d 158; *State v. Salernitano*, 27 N. J. Super. 537, 99 A. 2d 820.

There were sufficient circumstances present to show defendant's intent to use the tools for felonious pur-

---

[2] It has been held in other states that, in proving the general burglarious intent of the accused in having house or safe-breaking tools in his possession, the state will be permitted to show that he is a burglar, *People v. Jefferson*, 161 Mich. 621, 126 N. W. 829; that he carried the tools secreted in his clothing, *People v. Donovan*, 216 Mich. 231, 184 N. W. 863; that the tools were carried about in an automobile instead of being kept in a shop, *State v. Furlong*, 216 Iowa 428, 249 N. W. 132; that he had other tools or materials in his custody which indicated he intended to use the tools, with the possession of which he stood charged in the indictment, for a burglarious or criminal purpose, *Com. v. Day*, 138 Mass. 186; *State v. Widenski*, 50 R. I. 148, 146 A. 407 (flashlight); *State v. Ferrone*, 96 Conn. 160, 113 A. 452 (revolver); *State v. Hefflin*, 338 Mo. 236, 89 S. W. 2d 938 (revolver, blackjack and flashlight); *State v. Salernitano*, 27 N. J. Super, 537, 99 A. 2d 820 (gloves and flashlight).

poses. It is significant that defendant had possession of the sketches and diagrams, which he had prepared, of various safes in general use in the Philadelphia area. The combination of tools as found in defendant's possession, which were peculiarly adapted to break into such safes, together with the sketches and diagrams, afforded evidence of such intent. While a revolver, blackjack, flashlight, and gloves may not be "tools or instruments" within the purview of the act, nevertheless these items are commonly used by burglars and can be considered in determining whether the defendant possessed the tools as described in the indictment with the intent to use them for the felonious purposes mentioned in the act.

In his opinion Judge CARROLL aptly concluded: "Were we to accept the defendant's contention that in order to be convicted of the crime of possession of burglary tools, one must be found in possession of the tools at or near the scene of an attempted burglary, a large area of criminal behavior would be removed from the ambit of the statute as it would result in staying the hands of enforcement authorities until the felon has gathered his tools, weapons and plans and struck in secret. Such was not the intention of the Legislature. The innocent need not be anxious for when possession stands alone and is thus as compatible with innocence as guilt there can be no conviction under the Statute. When, however, as in the instant case, possession and control of tools peculiarly suited to burglary are coupled with clear and indubitable circumstantial evidence clearly manifesting felonious intent then conviction and sentence are properly imposed pursuant to the mandate of the Act."

Judgment of sentence is affirmed.