WILLIAM ROSS MAHAR, appellant, v. PERCY A. LAINSON, warden, appellee.

No. 48791.

(Reported in 72 N.W.2d 516)

298 

October 18, 1955.

Rehearing Denied November 18, 1955.

William Ross Mahar, pro se.

Dayton Countryman, Attorney General, and Raphael R. R. Dvorak, Assistant Attorney General, for appellee.

LARSON, J.—█ Only one issue is raised in this appeal from the action of the lower court in dismissing appellant's petition for a writ of habeas corpus. William Ross Mahar, an inmate of the Iowa State Penitentiary at Fort Madison, Lee County, Iowa, complained that his conviction and sentence by the District Court of Des Moines County, Iowa, was null and void for the reason that the statute, section 708.7, Code of Iowa, 1950, under which he was charged, was unconstitutional. He contended below, as here, that the failure of the legislature to define "burglar's tools" in the statute creating a public offense, or specifically naming such prohibited tools or implements, violates the due process provisions of the State Constitution, Article I, section 9, and the Fourteenth Amendment of the Federal Constitution. The lower court properly declined to entertain the question as to whether or not the tools found in appellant's possession were burglar's tools, holding such questions were not proper in this action but should have been raised upon an appeal of the conviction. It further held that on the face of the petition appellant failed to show he was entitled to relief and denied the writ. We must agree.

I. Section 708.7, Code of Iowa, 1950 (now 1954), provides in part as follows: "If any person be found having in his possession at any time any burglar's tools or implements, with intent to commit the crime of burglary, he shall be imprisoned in the penitentiary not more than fifteen years, or be fined not exceeding one thousand dollars. * * *."

This statute and similar statutes have been considered by this and many other courts across the land, and it has been the subject of comments in many textbooks. Yet, as far as we can learn, not once has the legislation been declared void or unconstitutional as violation of due process. The appellant failed to cite any such holding, but simply refers us to the statute and the State and Federal Constitutions, and argues such prohibition is so general no one could possess ordinary tools or implements and avoid prosecution under that statute.

█ The question of what constitutes "burglar's tools" is and has been a question of some difficulty, but generally speaking it has always been held to refer to tools and implements which

when assembled in combinations have such character as those commonly used to commit the crime of burglary. The fact that each tool or implement, or combinations of them, may be also used for an honest and legal purpose is held to be immaterial. State v. Erdlen, 127 Iowa 620, 103 N.W. 984; State v. Kappen, 191 Iowa 19, 180 N.W. 307.

In 9 Am. Jur., Burglary, section 86, page 282, we find the following: "Various kinds of tools, instruments, groups of tools, etc., have been held to come within the terms of particular statutes, while others have been held not to be included. Generally speaking it is not necessary that the tools or implements were originally made or intended for an unlawful use. If they are suitable for the purpose of breaking and entering burglariously, it is wholly immaterial that they were also designed and adapted for honest and lawful uses. Certain combinations of tools which might separately be lawfully used may, when possessed with an intent to use them for the commission of burglary, constitute the crime of possessing burglars' tools. On the other hand, the mere possession of tools, instruments, or devices not adapted, designed, or commonly used in breaking into buildings is not enough to subject the possessor to prosecution."

It must be clear then that the possession of tools by a carpenter or mechanic, even though some of them might be used for breaking into a building, certainly does not fall within any reasonable contemplation of the statute.

Furthermore, the public offense prohibited is the possession, with the intent to commit a burglary, of tools or implements the character of which conformed to burglar's tools, or tools or implements suitable and commonly used to break and enter burglariously.

We said in the very early case of State v. Erdlen, supra, 127 Iowa 620, 621, 103 N.W. 984, 985: "The statute does not, however, undertake to define what tools come within the meaning of the term as used. And, turning away from the statute, we cannot say that any particular tool or set of tools is so generally and exclusively known as burglar's tools that the common mind must needs picture the same upon the bare utterance of the expression, and without further description. Quite to the contrary, it is undoubtedly true that any one of possible thou-

sands of tools may be used by a burglar in the prosecution of his marauding expeditions. Indeed, it is difficult to conceive that there can be any tools made use of by burglars—from the bungler to the expert—which may not also have a place in the uses of legitimate industry. *Accordingly it must be true that any tools alleged and shown to be such as are commonly made use of by burglars, or which may be used by the possessor thereof to enable him to commit the crime of burglary, will be sufficient to satisfy the primary requirement of the statute.* [Emphasis ours.] The rest must depend upon the question of intent as to use."

While under our short-form indictments the description of the alleged burglar's tools need not be set out, the accused may obtain such information by a demand for a bill of particulars. See State v. Erdlen, supra; State v. Engler, 217 Iowa 138, 147, 251 N.W. 88.

Appellant cites several Missouri cases, none of which holds such language defective in a statute. The leading Missouri case on this point, however, appears to be State v. Hefflin, 338 Mo. 236, 89 S.W.2d 938, 103 A. L. R. 1301. There the court pointed out that an intent to use for burglarious purposes the tools found in one's custody is essential to a violation of the statute making it a felony for one to have in his custody tools or devices adapted, designed or commonly used for breaking and entering.

So it is with our statute, and the tools contemplated as "burglar's tools" therefore are those tools or implements suitable or commonly used by a burglar in committing the crime of burglary. No other interpretation of this statute is reasonable or proper, and under such construction the prohibition is clear. Thus it must appear there is no violation of due process and the legislation must be declared constitutional.

For further discussion see annotation at 103 A. L. R. 1322.

II. Habeas corpus cannot perform the function of an appeal, nor does it lie to question the sufficiency of an indictment or information unless the act charged does not constitute an offense, by reason of the unconstitutionality of the statute declaring it to be an offense. Hallway v. Byers, 205 Iowa 936, 939, 218 N.W. 905; Furey v. Hollowell, 203 Iowa 376, 212 N.W. 698; 39 C. J. S., Habeas Corpus, section 20.

Thus where the indictment charges a crime defined by the penal code, and within the jurisdiction of the court in which the indictment is pending, the question whether the facts charged are sufficient to constitute such an offense will not be inquired into on habeas corpus. Furey v. Hollowell, supra. We must therefore, as did the trial court, assume here that the evidence introduced tended to prove the tools alleged as burglar's tools were found by the jury to be such as were suitable and commonly used in burglary and that they were possessed by the accused with the intent to commit the offense of burglary. No appeal from the judgment and sentence of the trial court in Des Moines County was prosecuted to this court, and as the time for that appeal has now passed, appellant cannot now have reviewed the question as to whether the tools alleged as burglar's tools were such as are reasonably contemplated by the statutory provisions.

The judgment below was correct and the writ was properly denied. Therefore the judgment entered is affirmed—Affirmed.

All JUSTICES concur.