**STATE of Tennessee, Appellee,**

v.

**Harold D. LEE, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

March 1, 1982.

Permission to Appeal Denied by Supreme Court May 3, 1982.

William M. Leech, Jr., Atty. Gen., William W. Hunt, III, Asst. Atty. Gen., Nashville, Stephen M. Bevil, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

Hugh J. Moore, Jr., and Carter J. Lynch, III, Chattanooga, for appellant.

## OPINION

CORNELIUS, Judge.

This is an appeal of right by Harold D. Lee from the dismissal of his petition for post-conviction relief. He presents three issues for review. We affirm the judgment of the trial court.

Lee was originally convicted of an aggravated assault and sentenced to not less than four nor more than ten years in the penitentiary. On January 11, 1980, this Court affirmed his conviction in an opinion styled *State of Tennessee v. Harold Dennis Lee*, filed in Knoxville. On March 17, 1980, the Supreme Court denied Lee's application for permission to appeal. On September 4, 1980, petitioner filed pro se a petition for post-conviction relief. Following the appointment of counsel and amendment to the original petition, a hearing was held in which the lawyers chose to present only oral argument. The case was taken under advisement.

On July 8, 1981, an order was entered in the trial court denying the requested relief and dismissing the petition after finding "that none of the petitioner's allegations are well found in law or fact." It is from this dismissal that Lee has appealed.

By his first issue he alleges his constitutional rights to due process under both the Federal and State Constitutions were violated by the trial court's failure to specifically instruct the jury that the maximum punishment could be fixed at the minimum time prescribed by the statute for the offense of aggravated assault. His sole case authority cited in support of this claim is *State v. Kelly*, 603 S.W.2d 726 (Tenn.1980). He asserts that the Supreme Court held that such a failure was reversible error. Then he argues this denied him the right to be sentenced by a jury of his peers as provided by Federal and State Constitutions.

*State v. Kelly*, supra, was a case of direct appeal.[1] This Court reversed relying on *State v. Wright*, 193 Tenn. 26, 241 S.W.2d 859 (1951); the Supreme Court granted certiorari and concurred on this point. Appellant Lee did not raise this issue on direct appeal but now seeks to use it as a collateral attack upon his conviction.

As a general rule it is not error to fail to define or explain terms used in a charge when no request for an instruction defining or explaining such term is made. 23a C.J.S. Criminal Law § 1325(2); *Cook v. State*, 506 S.W.2d 955, 958–59 (Tenn.Cr. App.1973) cert. denied 1974. Lee made no request for additional instruction at the close of the trial court's regular charge although the record shows the Court expressly asked if there were "any additional requests by the parties." See *Bolton v. State*, 591 S.W.2d 446, 448 (Tenn.Cr.App. 1979) permission to appeal denied 1979.

The right to have the jury assess the punishment was not part of the right of trial by jury at common law. *Woods v. State*, 130 Tenn. 100, 169 S.W. 558, 559 (1914).[2] While the instructions on the issue of punishment may have been inadequate, it does not amount to an abridgment of a constitutional right for which relief is available in a post-conviction proceeding. Post-conviction proceedings may not be used to

---

1. The *Kelly* jury first reported that it assessed the punishment at "the minimum". The court then instructed the jury that it must state it within the minimum and maximum terms. The jury responded by fixing the punishment at a minimum of three years and a maximum of seven years.

2. See *Rose v. Hodges*, 423 U.S. 19, 96 S.Ct. 175, 46 L.Ed.2d 162 (1975) holding that following commutation of a death sentence, there was no requirement that a sentence be determined anew by a jury.

review or correct errors of law or facts allegedly committed by a court of competent jurisdiction. *Brewer v. State*, 4 Tenn. Cr.App. 265, 470 S.W.2d 47 (1970) cert. denied 1971; *Arthur v. State*, 483 S.W.2d 95 (Tenn.1972). This issue was waived by not being raised in the motion for a new trial and on direct appeal. *Forrest v. State*, 535 S.W.2d 166 (Tenn.Cr.App.1976) cert. denied 1976.

Appellant's second issue is that T.C.A. § 39–601 fails to specify a necessary criminal intent. This is alleged to violate his substantive due process rights.

In *Shevlin-Carpenter Co. v. Minnesota*, 218 U.S. 57, 30 S.Ct. 663, 54 L.Ed. 930 (1910), a contention was made that the provision of an (Timber) act making a casual and involuntary trespasser liable to the State in double damages, and that declared his act a felony violated the Fourteenth Amendment because these provisions eliminated altogether the question of intent, and that the elimination of intent as an element of an offense is contrary to the requirement of due process of law. In rejecting this argument, the court quoted "the legislature may enjoin, permit, forbid and punish; they may declare new crimes and establish rules of conduct for all its citizens in future cases." The Supreme Court of Minnesota had found, as we do, that the act in question is in effect an exercise of the State's police powers, that public policy may require that in the prohibition or punishment of particular acts it may be provided that he who shall do them shall do them at his peril. The Supreme Court ended by recognizing that such legislation may, in particular instances, be harsh, but it would not set aside legislation because it is harsh. See *Shafer v. State*, 214 Tenn. 416, 381 S.W.2d 254, 261 (1964), citing with approval *Mahar v. Lainson*, 247 Iowa 297, 72 N.W.2d 516, cert. denied 350 U.S. 972, 76 S.Ct. 445, 100 L.Ed. 843.

Aside from finding that the statute does not violate the State or Federal due process

requirements,[3] we note that this issue should have been raised by pre-trial motion. Rule 12(b)(1), Tennessee Rules of Criminal Procedure.

Lee's third issue claims a violation of his constitutional rights against self-incrimination by the trial court instructing the jury "the law presumes that all witnesses are truthful."

In our opinion, appellant's authorities in support of this issue are not supportive of his argument. In the case of *Hull v. State*, 553 S.W.2d 90, 93 (Tenn.Cr.App.1977) cert. denied 1977, this instruction was questioned and found proper. On re-examination we again find it proper and not violative of a defendant's rights against self-incrimination. The instructions given the jury fully protected the defendants rights not to testify in his own behalf.

T.C.A. § 40–3805 provides post-conviction relief only in the violation of constitutional rights. In a post-conviction proceeding the burden is on the petitioner to prove by a preponderance of the evidence the allegations in his petition. *Clenny v. State*, 576 S.W.2d 12 (Tenn.Cr.App.1978) cert. denied 441 U.S. 947, 99 S.Ct. 2170, 60 L.Ed.2d 1050 (1979). There is no such preponderance here.

The judgment of the trial court is affirmed.

DAUGHTREY and BYERS, JJ., concur.

---

**3.** See *Daugherty v. State*, 216 Tenn. 666, 393 S.W.2d 739, 743[7–10] (1965) cert. denied 384 U.S. 435, 86 S.Ct. 1601, 16 L.Ed.2d 671.