STATE OF IOWA, Appellee, v. THOMAS HANLEY, Appellant.

**Burglary:** POSSESSION OF BURGLAR'S TOOLS : EVIDENCE. On a prosecu-
1  tion for having in possession burglar's tools with intent to commit burglary, evidence that another party had offered for sale the same kind of an article found in the room occupied by defendant alone, was incompetent to show that defendant had no connection with the article found in his room.

**Instructions:** ASSUMPTION OF FACTS : HARMLESS ERROR. An instruc-
2  tion that if the jury found that defendant had burglar's tools in his possession they would be justified in finding that he had the same for the purpose of committing burglary, while perhaps technically assuming that the tools were burglar tools, yet when read in connection with another paragraph of the charge in which they were plainly told that the character of

the tools was a question of fact for them to determine and if they found in the negative defendant was entitled to an acquittal, was not misleading.

**Burglar tools:** POSSESSION: EVIDENCE. It is for the jury to consider all the facts and circumstances, including the possibilities incident to the situation, and therefrom determine the question of possession of burglar's tools with wrongful intent. Evidence held sufficient to warrant conviction for having in possession burglar's tools with intent to commit burglary.

*Appeal from Monroe District Court.*— HON. M. A. ROBERTS, Judge.

TUESDAY, MARCH 5, 1907.

THE indictment accused the defendant of the crime of having in his possession burglar's tools with intent to commit the crime of burglary. On the trial he was convicted, and he appeals.—*Affirmed.*

*N. E. Kendall,* for appellant.

*H. W. Byers,* Attorney-General, and *C. W. Lyon,* Assistant Attorney-General, for the State.

BISHOP, J.— The defendant came to Albia, in Monroe county, on the evening of November 14, 1905, and put up at the Transient House. He was assigned to room No. 9, which he occupied during the night, and after breakfast next morning went out into the city. There was evidence tending to show that when he came to the hotel he wore a cravenette overcoat, and that when he went out in the morning he did not take it with him; that, as he went away, he said to a man with him that his overcoat was upstairs, and he did not need it. The landlady of the hotel testified that she went into his room in the morning to do the chamber work, and that as she opened the door a cravenette overcoat which having been left hanging on the wall had fallen down to the floor. She says that she picked it up, and as she did so discovered a

pair of dirty socks lying under it on the floor. She picked up the socks, and finding them heavy looked into them and discovered a bunch of skeleton keys, a dark lantern, some fuse and dynamite caps. She also discovered two revolvers in the pockets of the coat. In the afternoon the defendant came back to the hotel, and was there arrested.

I. On being arrested, defendant disavowed any knowledge of the coat, and of the other property found in his room. On the trial he sought to show by one Miller that a stranger by the name of Hoffman, who was a guest at the hotel on the day of the arrest, approached him, said Miller, and offered to sell a cravenette coat similar in appearance to that found in room 9. Two other witnesses were called for the same purpose. The evidence was objected to by the State, and was ruled out. In this there was no error. True, defendant denied having any overcoat, but the one in question was found in a room occupied solely by himself. As far as appears, he and Hoffman were strangers to each other, and there was no evidence tending to show that the coat in question was ever in the possession of the latter. The mere fact that sundry persons were approached by Hoffman at some other place with an offer to sell a cravenette coat would not tend even remotely to prove that defendant had no connection with the coat and property found in his room.

1. BURGLARY: possession of burglar's tools: evidence.

II. Complaint is made of the ninth instruction. Therein the jury were told that if the tools, etc., were found in defendant's possession, " then you would be justified in finding the defendant had such burglar's tools and implements in his possession for the purpose," etc. It is said that here was an unqualified assumption on the part of the court that the tools, etc., were burglar tools. Reading the instruction by itself, this would seem to be true. But in the instruction immediately preceding the jury were told that the question whether the tools were burglar tools was a question of fact, for them to

2. INSTRUCTIONS: assumption of facts: harmless error.

decide, and a finding in the negative would entitle the defendant to an acquittal. The jury could not well have undertsood that that question was taken away from them by the ninth instruction. Conceding the technical error, therefore, it was without prejudice. The tenth instruction is also complained of. As our reading discloses no ground for criticism, we shall not stop to set out the instruction, or enter upon a discussion thereof.

III. The principal contention of the defendant is that the evidence did not warrant a finding of possession in him of the property described in the indictment. The contention is without merit. We have set out above the

8. BURGLAR TOOLS: possession: evidence.

substance of the evidence, and without difficulty we reach the conclusion that it was sufficient. In a legal sense, the room was in his possession. The evidence tends to show that when he went to it in the evening he had on a cravenette coat, and that he did not take the same away with him in the morning. True enough, there was evidence that the door of the room was not kept locked during the day, and hence there was a possibility that some one else may have entered and placed the property there. But there was no evidence that any one else did enter the room except the landlady, who found therein the property, and who presumably reported the matter to the police. The situation is analogous to that met with in larceny cases where proof of possession of the stolen property is relied upon to establish guilt. It was for the jury to consider all the facts and circumstances, including the possibilities incident to the situation, and therefrom to make answer as to the fact of possession. *State v. Van Winkle,* 80 Iowa, 15. The cases cited by counsel for appellant do not conflict with this view.

We conclude that the record is free from error, and the judgment warranted.— *Affirmed.*