STATE OF IOWA, Appellee, v. M. J. GORMAN, Appellant.

BURGLARY: Possession of Tools. Evidence reviewed, and held ample
1 to support a verdict of guilty of having felonious possession of
burglary tools.

SEARCHES AND SEIZURES: Seizure Without Search Warrant. Bur-
2 glary tools in the possession of an accused may be legally seized
without a search warrant.

BURGLARY: Possession of Tools. One may be in ''possession'' of
3 burglars' tools though they be not actually *upon his person.*

CRIMINAL LAW: Evidence—Concert of Action. On the issue in a
4 criminal cause whether certain parties were acting in concert, evi-
dence of the antecedent relations and associations of the parties
within a reasonable time prior to the transaction in question is
competent and relevant.

JURY: Competency—Erroneous Understanding of Legal Principle.
5 A juror is not necessarily disqualified to act as such because he
reveals the fact, on *voir dire,* that he has an erroneous understand-
ing of principles of law material to the case.

CRIMINAL LAW: Argument Aside Record. Even though an argu-
6 ment is somewhat aside the record, it does not constitute reversible
error if it simply draws an inference which the jury might draw
from the record.

CRIMINAL LAW: Argument—Failure of Accused to Testify. It is
7 not erroneous for the county attorney to assert in argument that
certain testimony stands uncontradicted, even though the accused
(who did not testify) is the only person who could furnish the
contradiction.

*Appeal from Ringgold District Court.*—A. RAY MAXWELL,
Judge.

JUNE 22, 1923.

TRIAL on an indictment for the crime of possession of bur-
glary tools. Verdict of guilty and judgment entered. Defend-
ant appeals.—*Affirmed.*

*F. F. Wilson* and *F. C. Lewis,* for appellant.

*Ben J. Gibson,* Attorney-general, *Maxwell A. O'Brien,* Assistant Attorney-general, *F. K. Reynard,* County Attorney, and *F. F. Fuller,* for appellee.

DE GRAFF, J.—The defendant M. J. Gorman was jointly indicted with Tom Harris, J. W. Conroy, and F. R. Davis for the crime of possession of burglar tools. The defendant was tried separately. Harris, whose true name is Ivers, entered a plea of guilty. The record is silent on the disposition of the indictment against the other two. It appears that on the night of November 10, 1921 the defendants came to the town of Mt. Ayr in a Ford. They first went to a hotel to secure rooms and were informed by the proprietor that the hotel was crowded to capacity and were referred to the annex near the depot. Davis had previously registered and stayed at the annex on the night of October 17 with three other men giving their names as Floyd Peterson, J. Kelly and A. P. Gorman.

1. BURGLARY: possession of tools.

On the day following the arrival of the defendants in Mt. Ayr they acted as though they were not acquainted with each other. The defendants had in their possession and in the room occupied by them a bag which contained a kit of burglar's tools. In the Ford car, were found drills, files, bits and brace, chisels, a jimmy, a keyhole saw, loot bags, and a filled five-gallon can of gasoline. The can had been purchased from a local merchant and the gasoline at a local filling station.

When these men were arrested they gave the sheriff fictitious names. The defendant stated that his name was "L. P. Neil." All of these men except Davis said they had stuff in the grip. In addition to the burglar tools the grip contained revolvers, revolver ammunition, and flash lights. During the incarceration of the defendant in the county jail at Creston a jail delivery was attempted. By reason of this fact the sheriff told the defendant and other men who were confined with him in that part of the jail that separate cells would be provided. Whereupon the defendant said: "There is no use punishing these boys; they had nothing to do with it."

It is also shown that during the time the defendant was

confined in the county jail a private detective unknown to be such by the defendant, but personally known to him, occupied his cell with the intent to learn more of the defendant's history.

Defendant made inquiry as to what the officers had found and he was told by the detective. Thereupon the defendant said that Ivers, alias Harris, and two other men were with him; that they had been together in Omaha and came to Mt. Ayr in the car where they were picked up because they had been tipped off to the sheriff. He further said that they were not far from the job at the time they were arrested. Gorman was identified by a Mrs. Peterson of Sioux Falls, South Dakota as a man who had occupied a room in her house with Davis, alias Henderson, and Harris, alias Ivers. Gorman was called ''Dad'' in South Dakota by his pals, as well as at Mt. Ayr. Without detailing the record further we conclude that the verdict is abundantly supported by the evidence. Certain legal propositions are advanced by appellant which merit brief consideration.

I. It is first contended that the bag containing the burglar tools was seized without search warrant and in violation of constitutional inhibitions. We have recently determined this point

2. SEARCHES AND SEIZURES: seizure without search warrant.

adversely to appellant. *State v. Tonn,* 195 Iowa 94.

The defendants were in joint possession and control of the grip containing the burglar tools. It is clearly shown that there was concert of action. In cases of this character it is not necessary that the possession be actual, or that

3. BURGLARY: possession of tools.

the tools be taken from the person of the defendant. The jury may consider all of the facts and circumstances in predicating an answer on the fact of possession. See, *State v. Hanley,* 133 Iowa 474; *State v. Kappen* 191 Iowa 19.

II. Appellant complains of the overruling of his objection to certain photographs offered by the State to prove that the defendants were the same persons who frequented the room occupied by Gorman in the home of Mrs. Peter-

4. CRIMINAL LAW: evidence: concert of action.

son at Sioux Falls, South Dakota.

It is the claim of the State that these men were acting in concert and for one purpose. It was competent to prove this fact, and consequently evidence of the antecedent

relations and associations of these parties within a reasonable time prior to the indictment in this case was relevant and competent.

III.  It is further contended that the court erred in overruling a challenge to a juror, who disclosed by an answer on *voir dire,* that he misunderstood a legal proposition. Undoubtedly the juror had an erroneous notion or theory with respect to the presumption of innocence that attends a defendant accused of crime. This preconceived and erroneous notion did not disqualify the juror. It was not a fixed opinion or conception of the law, nor did the juror indicate or intimate that his notion of the law would influence or control him in determining the guilt or innocence of the defendant. He understood and was told by the court that he would be instructed as to the law.

5. JURY: competency: erroneous understanding of legal principle.

The court did properly instruct on this phase of the case, and it must be presumed that the juror followed and applied the law as given by the court. Furthermore, it is not shown that defendant exhausted his peremptory challenges and in the absence of such a showing, the error, if any, is without prejudice.

IV.  Lastly complaint is made that the county attorney wandered outside of the field of legitimate argument in his address to the jury. The arguments of counsel on either side are not before us. In commenting on the evidence the county attorney in referring to the arrest of the defendants in Mt. Ayr stated that they (defendants) ''were now getting close to the place where they expected to pull it off. That is why they purchased the five gallons of gasoline, in order to go to one of your towns close by and burglarize some store or bank and then have enough gasoline to run back to Sioux City, where they came from. That is the way they do it. It is a common occurrence.'' Reference was then made to a recent incident at Osceola where the sheriff had been shot on the attempted arrest of a gang of crooks. At this point objection was made to the remarks of the county attorney and the objection was overruled. The county attorney then said: ''I say that defendants are the same kind of an outfit.'' He then asked ''what do you suppose would have occurred at the annex that night if the sheriff and his deputies

6. CRIMINAL LAW: argument aside record.

had gone down there to arrest these men, if they had these guns in their pockets?''

This language is outside the realm of proper comment, but in the light of the record does not constitute reversible error.

The county attorney was drawing inferences therefrom which the jury had a right to draw. It is also contended that the attorney referred to the fact that the defendant did not testify.

7. CRIMINAL LAW: argument: failure of accused to testify.　This is not borne out by the record. Referring to the testimony of the private detective who had a conversation with the defendant in the county jail the county attorney said: ''Now, gentlemen, I want further to say to you that Lewallyn is not contradicted in a word of his testimony.'' No objection was interposed to this statement nor exception saved. However, it is not improper for a county attorney in argument to the jury to comment on the fact that certain evidence is undisputed. *State v. Kimes,* 152 Iowa 240. Unless timely objection is made at the time of the claimed improper remarks of counsel in argument defendant cannot for the first time interpose objection on motion for new trial nor make it a ground of reversible error on appeal.

This record is barren of any objections or exceptions to the argument of the prosecuting attorney except the comments to which we first referred. The record presents no reversible error. Wherefore, the judgment of the trial court is—*Affirmed.*

Preston, C. J., Weaver and Stevens, JJ., concur.