STATE OF IOWA, Appellee, v. FRED LEE SMITH, Appellant:

**CRIMINAL LAW:** Aggravated Assault—Right to Physical Examination of Prosecutor. One accused of an aggravated assault may not, on a motion for a new trial, have an order for the physical examination of the prosecutor.

Headnote 1: 16 C J, p. 1244 (1926 Anno.)

*Appeal from Woodbury District Court.*—R. H. MUNGER, Judge.

### FEBRUARY 17, 1925.

AT the January term of the district court of Woodbury County, appellant was indicted on a charge of assault with intent to commit murder. In April, he was tried and convicted and sentenced. Defendant appeals.—*Affirmed.*

*Yeaman & Yeaman,* for appellant.

*Ben J. Gibson,* Attorney-general, and *O. T. Naglestad,* County Attorney, for appellee.

ALBERT, J.—The transaction out of which this case arose occurred in Sioux City on the evening of the 17th day of January, 1924. The defendant Smith, and one Orix Hughes had an altercation over a crap game in Smith's restaurant, which resulted in Hughes's leaving the place. A short time afterward, the defendant, Smith, met Hughes on the street. The trouble continued, and Hughes was shot once through the head and once through the hand. It was for this shooting of Hughes by the defendant that defendant was convicted.

After the case had been tried in the lower court, the attorneys in charge of the appeal were called into the case. They filed a motion for new trial, and applied to the court for an order asking that the said Hughes, the prosecuting witness, be submitted to an examination, to determine whether or not he was, in fact, shot through the head, as claimed by him, their claim being that there was only one shot fired. The court overruled

this application, and we think rightfully. We know of no law authorizing such procedure, and none has been called to our attention.

The matter as presented here contains no assignments of error, does not assign brief points, and no authorities are cited. The argument submitted is put upon the ground that the attorneys defending in the lower court were incompetent, and that, on the whole record, defendant did not have a fair trial.

It is true that, in one or two instances, this court has reversed on the general ground that defendant had not had a fair and impartial trial, by reason of inefficiency of counsel; but where this rule has been applied, it was only applied because the record showed on its face glaring incompetency and inefficiency on the part of attorneys. We have read this record with care, and do not feel that it presents such a condition that it would warrant our interference.—*Affirmed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.