## B. C. MEADERS V. THE STATE.

### No. 9386.　Delivered December 9, 1925.

### 1.—Rape—New Trial—Properly Refused.

Where, after a conviction of rape, appellant sets up in his motion for a new trial that the attorney appointed by the court to represent him had not properly presented his case in failing to interpose a plea of insanity, supporting his motion by affidavits of a physician that he was a chronic sufferer from syphilis, and was nervous and despondent, but nothing appeared in said affidavit that he was insane.

### 2.—Same—Continued.

The controverting affidavit of the attorney who represented him was to the effect that he had not been able to find any testimony that appellant was insane, although he had talked to the physician, whose affidavit was attached to the motion for a new trial, and that they had stated to him that they would not testify that appellant was insane. We cannot agree with appellant that he was not capably represented on the trial. See Fambler v. State (Ga.) 25 S. E. Rep. 365.

Appeal from the District Court of Denton County. Tried below before the Hon. C. R. Pearman, Judge.

Appeal from a conviction of rape, penalty ten years in the penitentiary.

The opinion states the case.

*Robt. H. Hopkins* and *Joe A. Gambill,* of Denton, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is rape; punishment fixed at confinement in the penitentiary for a period of ten years.

The subject of the rape was Ora Meadows, a girl fourteen years of age. She testified to the act of intercourse. She said that the appellant, after attending a picture show with her, came to her room, got in the bed and had intercourse with her; that she reported it to her sister on the following day. Her testimony is supported by that of her mother and her sister. The act was not controverted by any direct evidence though the State's witnesses were very closely cross-examined with a view of impressing the jury that the circumstances under which the alleged assault took place were such as to discredit her testimony, at least to the extent that it was without her consent.

The motion for new trial is based upon the averment that the appellant's interests were not properly protected by the attorney who was appointed to conduct his defense, in that he wilfully refused to present the evidence of insanity. According to the motion, appellant gave to the attorney a list of witnesses, namely, Dr. W. L. Cave of Frisco, Collin County, and Dr. W. W. Brandau of Dallas, Dallas County; that Dr. Saye, while present, was not used as a witness; that Dr. Brandau was not served though process was issued for him. The motion also set up the fact that Carroll, a brother-in-law of the appellant would have given testimony in favor of the appellant. The testimony of each of these witnesses, according to the motion, bore upon the issue of insanity. The affidavit of Dr. Saye was to the effect that he had been consulted by the appellant and Carroll; that he had no previous acquaintance with the appellant; that at the time of the examination appellant appeared to be nervous and under-nourished and stated that he had been afflicted with syphilis for several years. The witness did not prescribe but referred the parties to Dr. Brandau of Dallas. The witness later visited the home of Carroll, where he found the appellant suffering from a nervous attack. Sedatives were administered by Saye and Brandau was called over the telephone, and he suggested that sedatives and laxatives be administered. Four days later, the appellant called at the office of Dr. Saye and reported that he was feeling better. In the meantime, Dr. Saye had received a letter from Dr. Brandau. A week later the witness saw the appellant who seemed to be despondent. The affidavit of Dr. Brandau was attached to the motion in which he said that

prior to August, 1924, he had treated the appellant. Quoting him, he said:

"The clinical symptoms in my judgment were so pronounced, indicating to my mind that this man was suffering from advanced syphilis. He was dull mentally. * * * I judged from these clinical symptoms that there evidently was some pressure on the brain known as gumma or possibly paresis."

The witness said in substance that the treatment brought no favorable results; that he advised Carroll to use vigilance and not leave the appellant alone. The witness further said that the appellant's condition was such that it was impossible for him to infect anyone, due to the duration of the malady.

Another affidavit was to the effect that on November 4, 1924, a physician examined the appellant and found no indication of the disease, except mental symptoms.

From the affidavit of the attorney who represented the appellant, it appears that after talking to the witnesses Saye and Carroll, who were present at the trial, he reached the conclusion that it was not advisable to present to the jury the theory of insanity; that Saye said he would not testify that the appellant was insane; that Carroll gave no information suggesting that the appellant was insane; that the attorney knew of no fact upon which to base the opinion that the appellant was insane further than from the information received in a conversation with Dr. Brandau, the substance of which has been related above.

There seems to have been no motion for a continuance to secure the testimony of Brandau. None of the witnesses present appeared to have been in a position to testify to the insanity of the appellant.

We confess our inability to reach the conclusion that the conduct of the case by the attorney appointed by the court was such as to warrant this court in overturning the judgment of conviction which has been approved by the trial judge.

We have no brief for the appellant. Such authorities as have come to our notice are to the effect that in the absence of clear and convincing proof to the contrary, the presumption obtains on review that the attorney on the trial did his duty in representing his client. See Fambles v. State (Ga.), 25 S. W. App. 365.

Appellant was charged with a capital offense. The punishment assessed against him was confinement in the penitentiary for a period of ten years. The attorney who represented him seems to have acted upon his best judgment. With the in-

formation at hand, it cannot be said that there was a wilful neglect of duty, or that another course would clearly appear to have been more advantageous to the accused. The judgment is affirmed.

*Affirmed.*