STATE OF IOWA, Appellee, v. BERT ROLLINGER, Appellant.

No. 39845.

JUNE 24, 1929.

REHEARING DENIED SEPTEMBER 30, 1929.

*Kass, Zink & Kass*, for appellant.

*John Fletcher*, Attorney-general, and *Neill Garrett*, Assistant Attorney-general, for appellee.

ALBERT, C. J.—The only question on appeal that deserves consideration arises from the following facts: About April 1, 1928, two officers searched the dwelling house of the defendant, and found therein five bottles of intoxicating liquor. Before the commencement of the trial, the defendant filed a petition in the district court, asking that these bottles of liquor be returned to him, as they had been procured by illegal search and seizure. The court refused this petition, and on the trial of the case they were offered and received in evidence. When offered, they were objected to on the ground that they had been procured from the dwelling house of the defendant without a search warrant or any authority. These rulings are the principal errors assigned on appeal.

Counsel cite numerous decisions from the United States Supreme Court under the Federal Constitution on this question, and if they were in Federal court, their contention would be abundantly supported by the decisions cited; but, while this provision of the Constitution of this state is almost a verbatim copy of a similar provision of the Federal Constitution, this court has thought fit to put a construction thereon which does not correspond with the interpretation of the Federal Constitution by the Supreme Court of the United States. This court has held the rule to be that, if the evidence offered is pertinent and material, the fact that it may have been secured by search and seizure, unsupported by a valid search warrant, is not a sustainable objection to the introduction of such evidence. *State v. Tonn*, 195 Iowa 94; *State v. Gorman*, 196 Iowa 237; *Joyner v. Utterback*, 196 Iowa 1040; *State v. Rowley*, 197 Iowa 977; *State v. Parenti*, 200 Iowa 333; *Lucia v. Utterback*, 197 Iowa 1181; *State v. Wenks*, 200 Iowa 669; *State v. Lambertti*, 204 Iowa 670.

We are not alone in thus interpreting such a constitutional provision and holding as we do on this question of the admissibility of such evidence, the following states having also adopted this identical view, to wit: Alabama, Arkansas, California, Colorado, Connecticut, Delaware, Maine, Maryland, Massachusetts, Minnesota, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, South Carolina, South Dakota, Utah, Vermont, and Virginia. Sixteen states have held such testimony inadmissible. Citations

of decisions from all of these various states, pro and con, may be found collated in 52 A. L. R. 478 *et seq.*

The case of *State v. Tonn,* supra, was not an incidental decision, but the conclusions therein reached were the result of a long, careful, and protracted consideration of the question then before the court, and the decision was deliberately made, and has been consistently followed in the later cases, as above cited. This rule was deliberately settled in this state by the *Tonn* case, and is the law of this state.—*Affirmed.*

EVANS, STEVENS, KINDIG, and WAGNER, JJ., concur.