STATE v. CLARENCE LINDSTROM.[1]

May 23, 1930.

No. 27,937.

[1]Reported in 231 N. W. 12.

John A. Nordin, for appellant.

Henry N. Benson, Attorney General, William H. Gurnee, Assistant Attorney General, and S. Bernhard Wennerberg, County Attorney, for the state.

TAYLOR, C.

Defendant was the cashier of the Shafer State Bank in the village of Shafer in Chisago county. He was found guilty of feloniously appropriating to his own use and disposing of three bonds of the par value of $1,000 each, which bonds were the property of one Emma Magnuson and had been left with the bank for safe-keeping. He appealed from an order denying a new trial.

Defendant urges here that the state failed to prove beyond a reasonable doubt that the bonds in question were the property of Mrs. Magnuson, and that the evidence implies that they belonged to the bank. We find ample evidence in the record to sustain the finding of the jury that they were the property of Mrs. Magnuson. Moreover, at the trial defendant made an unaccepted offer to admit that fact and made no claim to the contrary at any time.

Defendant had been treasurer of the school district at Shafer for several years. He urges that the court erred in admitting evidence tending to prove a shortage in his account as such treasurer for the reason that it tended to prove an independent crime. His term as treasurer had expired, and the law required him to turn over the

funds of the district to his successor. The evidence complained of justifies the conclusion that he was short in his account as treasurer; that he sold the bonds here in question to obtain the money to make up such shortage; and that he turned over to his successor the money so obtained as the money of the district. The evidence was admissible for the purpose of showing his motive in selling the bonds and also for the purpose of showing the disposition made of the proceeds of the bonds. 2 Dunnell, Minn. Dig. (2 ed.) § 2459, and cases there cited.

The argument to the jury made by counsel for the state is not in the record, but at its conclusion defendant called attention to two statements therein which he deemed objectionable. In the first statement counsel said that he thought somebody probably came to the front for the defendant. The record shows that counsel admitted making the statement but does not show in what connection it was made. There was testimony however that about two months after the sale of the bonds in question defendant had caused three similar bonds of the same issues to be purchased, and the remark probably referred to that fact. The other statement, which counsel also admitted making, was "that no one could ever reasonably believe that the defendant would be caught taking these bonds because Mrs. Magnuson was an old lady and she might die."

She was said to be 80 years old. Her testimony, given through an interpreter, was vague and unsatisfactory. It showed however that money had been left with the bank to buy bonds for her; that she had never had possession of the bonds but held a receipt for them given her by the bank; and that the bank had paid her the interest as it accrued. We see nothing in the remarks cited requiring criticism.

After the trial defendant changed attorneys, and in an affidavit presented on the motion for a new trial complains of the conduct of the attorney who represented him at the trial. He states that he urged his attorney to allow him "to take the witness stand and tell the true situation as it had occurred all the way through," and that the attorney refused on account of the cross-examination to which he

would be subjected. He makes no claim that the evidence which had been presented was incorrect or untrue except in one particular. The bank examiner who investigated the transaction had procured from defendant two written statements which contain an admission that he had sold the bonds of Mrs. Magnuson, and a statement to the effect that he expected to replace them with other bonds. The bank examiner testified to the effect that these statements were made voluntarily, and that no reference whatever had been made to the matter of any proceedings that might be instituted, criminal or otherwise. Defendant in his affidavit does not deny the truth of the statements which he signed but says that he made them under threats that he would be thrown in jail if he did not. His desire to testify was not made known to the court. So far as appears his testimony would have gone no further than to raise a question of veracity between him and the bank examiner as to whether the latter had made threats. Under the circumstances we fail to see even an error of judgment on the part of the attorney.

At the close of the argument for the prosecution defendant's attorney stated to the jury in substance that he would make no argument; that the questions involved were questions of law and would be covered by the instructions of the court. Defendant urges that in submitting the case in that manner without consulting him his attorney was derelict in the performance of his duties. The evidence was undisputed and practically conclusive against defendant. Where the defense is conducted by counsel selected by defendant or by those to whom he intrusted that duty, it is only under very exceptional circumstances that a new trial will be granted on account of the manner in which the defense was conducted or on account of a subsequently asserted dereliction of duty on the part of such counsel, and where it appears that in consequence of such dereliction of duty the defendant may have been unjustly convicted. The question seems to have been raised only twice in this court. State v. Holden, 42 Minn. 350, 44 N. W. 123; and State v. Gleeman, 170 Minn. 197, 212 N. W. 203. Cases dealing with it are collected in an annotation in 24 A. L. R. 1025. The following cases later than

the annotation may also be noted: State v. Smith, 199 Iowa, 568, 202 N. W. 112; State v. Thompson, 56 N. D. 716, 219 N. W. 218; State v. Keller, 57 N. D. 645, 223 N. W. 698, 64 A. L. R. 434; People v. Dean, 308 Ill. 74, 139 N. E. 37; People v. Thompson, 321 Ill. 594, 152 N. E. 516; State v. Selvaggi, 319 Mo. 40, 2 S. W. (2d) 765; Meaders v. State, 102 Tex. Cr. 437, 278 S. W. 215; State v. Jukich, 49 Nev. 217, 242 P. 590.

The facts presented fell far short of bringing the present case within the rule which permits the granting of a new trial on account of the manner in which the defense was conducted by defendant's attorney. We find no ground for reversal, and the order is affirmed.

