STATE OF IOWA, appellee, v. ROY DENNISON SMITH, appellant.

No. 48643.

(Reported in 73 N.W.2d 189)

November 15, 1955.

Rehearing Denied January 13, 1956.

Roy Dennison Smith, pro se.

Dayton Countryman, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and William S. Cahill, of Burlington, County Attorney, Des Moines County, for appellee.

502

HAYS, J.—Defendant was convicted and sentenced for violation of section 708.7, Code of 1950, and appeals.

Section 708.7, in part, provides: "Possession of burglar's tools—evidence. If any person be found having in his possession at any time burglar's tools or implements, with intent to commit the crime of burglary, he shall be imprisoned * * *, and the possession of such tools or implements shall be presumptive evidence of his intent to commit burglary."

Briefly, the record discloses that on the night of March 31, 1954, police officers had a certain Buick car under surveillance and stopped it on the highway. It was being driven by one Ross Mahar. In the front seat beside him was appellant. In the back seat was one Leroy Pruitt. Each man was searched, as was the car, and all taken to police headquarters in Burlington, Iowa, where further search of the car was made. Found therein were numerous articles identified as having been stolen from a grain elevator and a lumberyard at Morning Sun, Iowa, earlier that evening. Also found in the car was a black bag containing tools, such as hammers, chisels, drifts, hacksaw blades, boltcutter and knife. The three occupants of the car were jointly indicted but appellant was tried separately. There is evidence that such tools could be used as burglar's tools, and a denial by defendant, together with his explanation as to his presence in the car. Over objection the tools were received in evidence. Prior to the reading of the instructions to the jury, they were submitted to counsel for both parties and each stated that there was no objection thereto. No motion for a new trial or exception to the instructions was made following the verdict and four days later judgment was entered. At the trial appellant was represented by J. C. Riley, of the Des Moines County Bar, under appointment by the court. On this appeal appellant appears pro se.

It might be noted that no apparent attempt has been made by appellant to comply with our rules governing abstract, brief and argument, rules 340 to 344, inclusive, R. C. P. The abstract is merely the reporter's transcript. It does not contain the indictment, arraignment, plea, instructions or final judgment and bears no certification. The brief and argument is wholly lacking in reference to page and line of the abstract as required by rule

344 (a) (4), R. C. P. The reply brief is a repetition and enlargement of original brief and argument with some attempt to comply with the rules. The State in its brief and argument asks that the appeal be dismissed for failure to comply with the rules, and under authorities cited such dismissal might well be entered. However, with the information set forth in the Clerk's Transcript supplying some of the glaring defects in the abstract, we have considered the various errors assigned.

I. It is contended section 708.7, Code of 1950, is unconstitutional due to the failure of the legislature to define burglar's tools. This proposition was never raised or presented in the trial court and may not be urged here on appeal. State ex rel. Woodbury County Anti-Saloon League v. Clark, 189 Iowa 492, 178 N.W. 419; State v. Walters, 244 Iowa 1253, 58 N.W.2d 4. We would, however, direct attention to our recent holding in Mahar v. Lainson, 247 Iowa 297, 72 N.W.2d 516.

II. Error is asserted in the admission of certain exhibits (tools) in evidence. This predicated upon the claim that they were obtained by an illegal search and seizure and therefore inadmissible. In support thereof reference is made to the Fourth Amendment to the United States Constitution and cases decided by the Federal Courts. It has been held many times that this Amendment pertains only to the exercise of Federal authority and has no application to state action. Assuming, but not holding, that the search was illegal since it was done without the benefit of search warrant, the articles obtained thereby are admissible in evidence if otherwise admissible. This is the established rule in this state. State v. Tonn, 195 Iowa 94, 191 N.W. 530; State v. Rollinger, 208 Iowa 1155, 225 N.W. 841; State ex rel. Kuble v. Bisignano, 238 Iowa 1060, 28 N.W.2d 504.

III. It is claimed there is no competent evidence in the record that said tools are burglar's tools, or as to appellant's possession thereof. The record shows property taken in recent burglaries in the car along with the bag of tools. There is evidence to the effect that such tools could be used in committing a burglary. These facts are sufficient to create a jury question. State v. Erdlen, 127 Iowa 620, 103 N.W. 984; State v. Furlong, 216 Iowa 428, 249 N.W. 132. As to the question of appellant be-

ing in possession of the tools, his presence in the car under the facts shown in the record, while circumstantial, raises a presumption or makes a prima-facie case. Whether or not appellant's explanation of the facts overcomes this presumption is for the jury to determine. State v. Williams, 195 Iowa 785, 192 N.W. 901; State v. Gates, 246 Iowa 344, 350, 351, 67 N.W.2d 579, 583.

IV. Error is assigned in that the trial court failed to conduct a fair, impartial and proper trial. No authorities are cited. The argument consists of criticism of the court, the county attorney, witnesses, instructions and general conduct of the trial. While entirely too general to warrant consideration, we have examined the entire record and find no merit to this claim.

V. Appellant contends that due to incompetency of his court-appointed counsel he is entitled to a reversal and new trial. It is not the province or intention of this court to follow an attorney step by step through a trial, judging his competency by whether or not the members of this court, had they been of counsel, would have conducted the trial in the same manner. As is said in State v. Smith, 199 Iowa 568, 569, 202 N.W. 112: "It is true that, in one or two instances, this court has reversed on the general ground that defendant had not had a fair and impartial trial, by reason of inefficiency of counsel; but where this rule has been applied, it was only applied because the record showed on its face glaring incompetency and inefficiency on the part of attorneys." See also State v. Karston, 247 Iowa 32, 72 N.W.2d 463; State v. Benson, 247 Iowa 406, 72 N.W.2d 438. Such a situation is not found in this record.

Finding no error the judgment of the trial court should be and is affirmed.—Affirmed.

All JUSTICES concur except PETERSON, J., who takes no part.