STATE OF IOWA, appellee, v. GEAN ELVIN VAN VOLTENBURG, appellant.

No. 51788.

(Reported in 147 N.W.2d 869)

 

JANUARY 10, 1967.

REHEARING DENIED MARCH 9, 1967.

 

Blake H. Shipton, of Center Point, for appellant.

Lawrence Scalise, Attorney General, Ronald A. Riley, Assistant Attorney General, Jack M. Fulton, Linn County Attorney, and Thomas M. Horan, Assistant County Attorney, for appellee.

RAWLINGS, J.—By county attorney's information defendant was charged with possession of burglar's tools, entered a plea of not guilty, was tried, convicted and sentenced. His motions for a new trial and in arrest of judgment were overruled and he appeals.

About 2:15 a.m., September 8, 1964, a private watchman saw defendant enter an alleyway in Cedar Rapids. The watchman first called the police, then in his automobile entered the alley, located defendant, and they talked briefly. During this conversation the watchman saw defendant raise his shirt and remove a brown paper bag which he placed under the left rear wheel of the watchman's car. Defendant then walked away. The watchman promptly retrieved the paper bag in which he found a short pry bar and a screwdriver with cloth tape around the handle. He followed defendant, the police came, arrested him, and a search of his person revealed he was carrying a stainless steel butter knife.

On trial expert testimony was presented to the effect these instruments were tools normally and commonly used in the crime of burglary. See State v. McHenry, 207 Iowa 760, 771, 223 N.W. 535.

Defendant assigns two errors relied on for reversal. First: Code section 708.7, which provides a statutory presumption is unconstitutional, being in violation of Amendments 5 and 14, Constitution of the United States. Second: Permitting the prosecution to inquire, on cross-examination of accused, as to prior felonies and number of convictions, violated defendant's rights under Amendment 14, Constitution of the United States.

I. Counsel for defendant should bear in mind rule 344(a) (4) Third(e), Rules of Civil Procedure. Although this is a criminal case we again suggest citing the volume and page where one of our cases may be found in *both* the Iowa Reports and North Western Reporter, if reported therein. See Nelson v. Cities Service Oil Co., 259 Iowa 1209, 1211, 146 N.W.2d 261, 262, and State v. Bradley, 254 Iowa 211, 223, 116 N.W.2d 439.

It would also be helpful, when citing cases in the United States Supreme Court Reports, to provide us with the volume and page where found in the Supreme Court Reporter.

II. Code section 708.7 states as follows: "Possession of burglar's tools—evidence. If any person be found having in his possession at any time any burglar's tools or implements, with intent to commit the crime of burglary, he shall be imprisoned in the penitentiary not more than fifteen years, or be fined not exceeding one thousand dollars. The court before whom such conviction is had shall order the retention by the sheriff of such tools or implements, to be used in evidence in any court in which such person is tried for the offense herein defined, or that of burglary, and the possession of such tools or implements shall be presumptive evidence of his intent to commit burglary."

Defendant contends the statutory presumption provided in the last sentence of the act is constitutionally offensive.

Generally the test of constitutionality of statutes making proof of a certain fact presumptive or prima facie evidence of another fact is whether there is a natural evidentiary relation between the fact established by proof and the ultimate fact presumed. See 12 C. J. S., Burglary, section 69, page 753; 13 Am. Jur.2d, Burglary, section 77, page 369; Underhill's Criminal Evidence, Fifth Ed., section 46, page 75; and annotations, 162 A. L. R. 495.

III. In Tot v. United States, 319 U. S. 463, 466, 467, 468, 63 S. Ct. 1241, 1244, 1245, 87 L. Ed. 1519, 1524, a congressional Act, to the effect that where a person previously convicted of a crime of violence is found in possession of firearms or ammunition it shall be presumed the article was received in interstate or foreign commerce, was held unconstitutional. The court there said:

"Although the Government may be unable to produce testimony of eyewitnesses to the conduct on which guilt depends, this does not mean that it cannot produce proof sufficient to support a verdict. The jury is permitted to infer from one fact the existence of another essential to guilt, if reason and experience support the inference. In many circumstances courts hold that proof of the first fact furnishes a basis for inference of the existence of the second.

"* * * The Congress has power to prescribe what evidence is to be received in the courts of the United States. The section under consideration is such legislation. But the due process clauses of the Fifth and Fourteenth Amendments set limits upon the power of Congress or that of a state legislature to make the proof of one fact or group of facts evidence of the existence of the ultimate fact on which guilt is predicated. The question is whether, in this instance, the Act transgresses those limits.

"The Government seems to argue that there are two alternative tests of the validity of a presumption created by statute. The first is that there be a rational connection between the facts proved and the fact presumed; the second that of comparative convenience of producing evidence of the ultimate fact. We are of opinion that these are not independent tests but that the first is controlling and the second but a corollary. Under our decisions, a statutory presumption cannot be sustained if there be no rational connection between the fact proved and the ultimate fact presumed, if the inference of the one from proof of the other is arbitrary because of lack of connection between the two in common experience. This is not to say that a valid presumption may not be created upon a view of relation broader than that a jury might take in a specific case. But where the inference is so strained as not to have a reasonable relation to the circumstances

of life as we know them it is not competent for the legislature to create it as a rule governing the procedure of courts."

The same court later held an Act of Congress which authorized the drawing of an inference an accused violated a law prohibiting the business of operating as a distiller or rectifier without giving prescribed bond from his unexplained presence at the site of an illegal still was constitutionally permissible, and in so doing stated:

"* * * the constitutionality of the legislation depends upon the rationality of the connection 'between the facts proved and the ultimate fact presumed.' [Citation] The process of making the determination of rationality is, by its nature, highly empirical, and in matters not within specialized judicial competence or completely commonplace, significant weight should be accorded the capacity of Congress to amass the stuff of actual experience and cull conclusions from it. * * *

"The rationality of the inference provided by * * * must be viewed in the context of the broad substantive offense it supports. * * *.

"* * * Our Constitution places in the hands of the trial judge the responsibility for safeguarding the integrity of the jury trial, including the right to have a case withheld from the jury when the evidence is insufficient as a matter of law to support a conviction. The statute before us deprives the trial judge of none of his normal judicial powers." United States v. Gainey, 380 U. S. 63, 66–68, 85 S. Ct. 754, 757, 758, 13 L. Ed.2d 658, 662.

See also Yee Hem v. United States, 268 U. S. 178, 45 S. Ct. 470, 69 L. Ed. 904.

IV. The law here challenged has been previously considered by this court.

In State v. Kappen, 191 Iowa 19, 24, 180 N.W. 307, we held the statutory presumption to which defendant here takes exception is not conclusive in that it serves only to make proof of one fact presumptive or prima facie evidence of another fact.

The statute was also discussed in Mahar v. Lainson, 247 Iowa 297, 72 N.W.2d 516. It was there held the Act is not violative of any constitutional due process mandate because it fails to specifically describe burglar's tools.

Then in State v. Furlong, 216 Iowa 428, 249 N.W. 132, the rebuttability of the challenged statutory presumption was again demonstrated.

See also State v. Smith, 247 Iowa 500, 503, 73 N.W.2d 189.

Although defendant does not challenge the instructions given we note the jury was advised by the trial court to the effect the statutory presumption here involved is not conclusive, it imposes no burden of proof on defendant, and even if the possession of burglary tools remained unexplained defendant could not be found guilty if the State failed to prove his guilt beyond a reasonable doubt.

■ V. The statutory enactment here in question does not denounce as unlawful the possession of any particular implements or tools. Possession of a specific instrument or combination of articles may or may not be prohibited by law, depending upon whether the evidence reveals circumstances from which it may be inferred beyond a reasonable doubt the party or parties, standing in the position of a possessor, intended use of the article or instrumentalities for the purpose of committing or aiding in the perpetration of a burglary.

■ This law simply creates a rebuttable presumption of criminal intent from possession of burglarious tools under circumstances which reasonably and logically lead to that inference, leaving it to the trier of the facts to ultimately resolve the matter according to all the evidence. This is nothing more nor less than a rule of evidence not alone determinative of any fact.

■ In a similar vein this court has held proof of possession of recently stolen goods, when it is also shown the larceny took place in connection with a burglary, is sufficient to warrant a conviction of breaking and entering. See State v. Dwinells, 259 Iowa 945, 146 N.W.2d 231.

■ In the case now before us the evidence discloses defendant possessed tools or instruments normally used in the perpetration of a burglary under such circumstances as to logically and rationally lead to a rebuttable presumption or inference of intent to use them for such a purpose.

 Section 708.7, as construed by this court, meets the test of natural relationship between the fact proved and the ultimate fact presumed.

By the same token we conclude the Act does not violate Amendments 5 and 14, Constitution of the United States.

In support of this conclusion see Fuqua v. State, 246 Miss. 191, 145 So.2d 152; Nance v. Commonwealth, 203 Va. 428, 124 S.E.2d 900; and Burnette v. Commonwealth, 194 Va. 785, 75 S.E.2d 482.

But see State v. Edwards, 269 Minn. 343, 130 N.W.2d 623, 625, which incidentally was decided prior to the decision in United States v. Gainey, 380 U. S. 63, 85 S. Ct. 754, 13 L. Ed.2d 658.

VI. Defendant testified in his own behalf. On cross-examination the county attorney inquired of him as to prior convictions for the announced purpose of impeachment only.

The question was asked several times and defendant stated he was not sure but thought he had been previously convicted of a felony on two or three occasions.

During this preliminary series of questions counsel for defendant interposed repeated objections.

The court then defined misdemeanor and felony, after which the accused again stated he thought there had been two or three previous felonies.

At that point the county attorney, for the declared purpose of refreshing defendant's memory, inquired as to individual felonies extending over a period of about 12 years, referring only to place and date not to any specific offense by name, description or otherwise.

Finally defendant admitted he had been previously convicted of a felony on six different occasions.

During this last series of questions no objections were asserted by counsel for the accused.

From the record we detect some evasiveness and possible hostility on the part of defendant concerning his prior record.

Code section 781.13 states as follows: "Cross-examination. When the defendant testifies in his own behalf, he shall be subject to cross-examination as an ordinary witness, but the state

shall be strictly confined therein to the matters testified to in the examination in chief."

And, section 622.17 provides: "Previous conviction. A witness may be interrogated as to his previous conviction for a felony. No other proof is competent, except the record thereof."

■ Lane v. Warden, Maryland Penitentiary (4 Cir.), 320 F.2d 179, 182, sets forth the general rule as to impeachment of a defendant in a criminal prosecution, to-wit: "An important exception to the general rule is that when the defendant voluntarily submits himself as witness, he may, for purposes of impeachment, be interrogated concerning prior convictions and, in case he denies such convictions, proof thereof may be presented."

We too have had occasion to deal with the same subject matter. In Gaskill v. Gahman, 255 Iowa 891, 896, 124 N.W.2d 533, this court held section 622.17 applicable to any witness, including the defendant, who takes the stand in a criminal case.

And, in State v. Haffa, 246 Iowa 1275, 1283, 71 N.W.2d 35, is this pertinent statement: "It is true when the defendant submits himself as a witness he must answer in cross-examination on matters affecting his credibility as a witness, even though it may degrade him. The purpose of the cross-examination is to test the credibility of the witness and the accuracy of his knowledge of the subject matter."

■ Later, State v. Myers, 257 Iowa 857, 135 N.W.2d 73, 76, reaffirmed the rule that the scope of cross-examination is generally within the sound discretion of the trial court.

In connection with the foregoing see also. Michelson v. United States, 335 U. S. 469, 482, 69 S. Ct. 213, 222, 93 L. Ed. 168; State v. Hall, 233 Iowa 1268, 1271, 11 N.W.2d 481; State v. Dillman, 183 Iowa 1147, 1155, 168 N.W. 204; 98 C. J. S., Witnesses, section 484, pages 373–375; and Underhill's Criminal Evidence, Fifth Ed., section 164, page 304, and sections 244, 245, pages 601–617.

But in State v. Underwood, 248 Iowa 443, 445–447, 80 N.W. 2d 730, section 622.17 was discussed, and a hand of restraint was placed upon the cross-examination of an accused when we said: "Except for the purpose of impeachment of the witness, it is * * * improper to examine him as to his prior conviction of any

felony. [Citation] Evidence relating to a prior conviction of a felony is not to be considered by the jury as evidence tending to connect the defendant with the commission of the offense charged, nor for the purpose of establishing his guilt, but may be used only for the purpose of testing the credibility of the witness. [Citation] Any other implication is improper. * * *

"Great care must be exercised in the use of this statutory privilege, for its purpose is *solely* to affect the weight the jury may give to the testimony offered by the witness. [Citations] The danger in allowing the credibility of the accused or an accomplice to be impeached by interrogations concerning prior convictions lies in tendency of juries to use the prior conviction as evidence of the fact that accused committed the specific criminal act for which he is then being tried. It must not be worded so as to implicate the defendant with the crime charged."

In the case here before us the trial court, by an appropriate instruction, advised the jury to the effect a defendant may be, but is not necessarily, impeached by a showing of prior felony convictions, it being for the jury to determine the weight and credibility to be accorded his testimony in the light of all the evidence.

Had defendant answered truthfully in the first instance, we would be inclined to look with disfavor on the line of questioning pursued by the prosecution in this case. But the accused actually invited it by his evasiveness. Furthermore no objections were interposed to the last series of questions which ultimately disclosed the six prior convictions.

Under all these circumstances we find no prejudicial error in the cross-examination of defendant.

VII. Counsel for defendant would have us now abandon the foregoing rules relative to cross-examination of an accused and adopt what he terms the theory advanced in the dissenting opinion in Michelson v. United States, 335 U. S. 469, 488–496, 69 S. Ct. 213, 224–228, 93 L. Ed. 168.

It may be the views there expressed have some degree of merit, but under the factual situation presented in the case now before us they are found to be inapplicable. In any event we

elect to at this time stand upon our own interpretations of Code sections 781.13 and 622.17.

 There is to us no invasion of constitutional rights by adherence to the rule that an accused who exercises the right to testify may, like any other witness, be impeached upon a showing he has previously been convicted of a felony.

As heretofore disclosed, however, this is a restricted right which will permit no abuse by pursuit of the matter beyond a limited area. And, by appropriate instruction, the jury should always be advised that evidence of prior convictions is to be considered for the purpose of impeachment only. .

VIII. No reversible error appearing, the judgment of the trial court must be affirmed.—Affirmed.

All JUSTICES concur.