**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Willard Richard SANDERS, Defendant-
Appellant.**

**No. 72–1026.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 16, 1972.

Decided July 26, 1972.

William L. Kutmus, Des Moines, Iowa, for defendant-appellant.

Allen L. Donielson, U. S. Atty., John B. Grier, Asst. U. S. Atty., Des Moines, Iowa, for plaintiff-appellee.

Before LAY and BRIGHT, Circuit Judges, and DEVITT, District Judge.

DEVITT, District Judge.

Found guilty on each count of a four count indictment charging violation of the Federal Drug Statutes, defendant appeals from the conviction entered on three of these counts. Appellant claims error in the admission of hearsay testimony, insufficiency of the evidence, and improper joinder of offenses.

Defendant was charged in Count I with dispensing and distributing a narcotic drug in violation of 26 U.S.C. § 4704(a); in Count II, with selling, bartering, or exchanging a narcotic drug in violation of 26 U.S.C. § 4705(a); in Count III with willfully and knowingly receiving, concealing and facilitating the transportation of a narcotic drug, a violation of 21 U.S.C. § 174; and in Count IV, with intentionally distributing a narcotic drug in contravention of 21 U. S.C. § 841(a) (1). The crimes charged in Counts I, II and III allegedly were committed on February 10, 1971. The crime charged in Count IV allegedly was committed on October 12, 1971. Defendant appeals from the conviction on the first three counts but does not appeal from conviction on the fourth.

Two co-defendants, Joseph Alexander and Howard Anthony Gray, did not stand trial and subsequently pled guilty. Defendant was sentenced to concurrent terms of ten years on each of the four counts.

The evidence concerning the commission of the crimes charged in the first three counts reveals that these crimes took place within a two hour period on February 10, 1971 in Des Moines, Iowa. The government sought to make its case with the assistance of an informant, Billie Joe Lincoln, and an undercover agent, Tyrone Von Yarn. The activities of these two were directed and supervised by Federal Narcotic Agents and surveillance teams from the Iowa Bureau of Narcotics.

The evidence showed that on February 10 the government informant, the undercover agent and one co-defendant, Alexander, went to Joyce's Lounge in Des Moines, Iowa and met there the defendant Sanders. Lincoln, who was previously acquainted with the defendant, approached the defendant and inquired about the purchase of some heroin. Sanders indicated that Lincoln could buy a half spoon for $300. Lincoln then advised Sanders that he would take a half spoon for that price and that he also wanted to introduce defendant to a friend, Von Yarn. The defendant said he would not deal with Von Yarn because he did not know him and if Von Yarn wished to deal at all he would have to deal with Joseph Alexander. Defendant told Lincoln to go to Alexander's home at 1240—12th Street in Des Moines and that he would meet him there with the heroin.

Lincoln, Von Yarn and Alexander then went to the Alexander house, some two blocks from Joyce's Lounge. Defendant did not appear at Alexander's home but co-defendant Gray appeared on the scene. Gray, Alexander, Lincoln and Von Yarn went into the kitchen where Lincoln was invited to test the heroin. He did and subsequently turned over to Gray $300, the agreed purchase price. The bottle containing the heroin was then given to Von Yarn and he and Lincoln left the Alexander residence.

At trial Von Yarn, the government undercover agent, testified to the transactions which took place at Joyce's

Lounge and at the Alexander home. In addition, he testified as to the conversation between Billie Joe Lincoln and the defendant regarding the proposed sale of heroin. Each of the government's principal witnesses, Lincoln and Von Yarn, was permitted over objection of defendant to testify as to the conversation Lincoln had with Alexander and to the conversation Alexander had with Von Yarn, the defendant not being present, regarding the defendant's involvement in the alleged sale of heroin.

■ Defendant claims that this testimony was hearsay and erroneously admitted. We do not agree. It is well settled that once a conspiracy, agency, or concert of action between the declarant and the defendant is independently shown, hearsay statements made in furtherance of the relationship are admissible. Lutwak v. United States, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593 (1953), United States v. Krulewitch, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790 (1949). This principle was recently restated by Judge Van Oosterhout for this circuit in United States v. Reed, 446 F.2d 1226 (8th Cir. 1971), and is the holding of the case principally relied upon by defendant, United States v. Ragland, 375 F.2d 471 (2d Cir. 1967).

■■ The requirement for admissibility of this type of testimony is satisfied by showing likelihood of illicit association between the declarant and the defendant. *Ragland, supra.* If the issue is submitted to the jury, it is the responsibility of the jury to determine whether the evidence is credible and convincing beyond a reasonable doubt. United States v. Pugliese, 153 F.2d 497, 500 (2d Cir. 1945). In determining preliminary questions of fact relating to admissibility of hearsay evidence the trial judge has wide discretion and need be satisfied only that the independent evidence is credible and sufficient to support a finding of a joint undertaking. *Ragland, supra,* and cases there cited 375 F.2d at 477. The independent evidence of illicit association may be to-

tally circumstantial. Bartlett v. United States, 166 F.2d 920, 925 (10th Cir. 1948).

■ We are satisfied that the trial judge was fully justified in concluding from the testimony of Lincoln alone that there was sufficient evidence to establish the requisite likelihood of illicit association between the defendant and Alexander so as to justify the submission of the question to the jury. The trial judge submitted the matter to the jury by his instructions 10 and 11; and by its verdict the jury must be said to have found that there was a concert of action between defendant and Alexander. Clearly it was within the discretion of the trial court to admit the testimony subject to its being connected up by subsequent proof. Fabian v. United States, 358 F.2d 187, 192 (8th Cir. 1966); Reistroffer v. United States, 258 F.2d 379, 386, 388 (8th Cir. 1958). There was adequate factual basis in the record for the submission of the question to the jury and for the finding by the jury. We conclude that the admission of the testimony was proper. *Reed, supra.*

The defendant also urges that the evidence was insufficient to sustain the verdict and that the court erred in overruling his motion for judgment of acquittal made at the end of the government's case.

■ In determining the sufficiency of the evidence to support the conviction we must view the evidence in the light most favorable to sustaining the jury verdict of guilty. As the prevailing party the government is entitled to the benefit of all reasonable inferences that tend to support the verdict. Langel v. United States, 451 F.2d 957, 961 (8th Cir. 1971).

■ Whether the indictment charges the defendant as a principal, as urged by the government and as it appears to us, or as an aider and abettor, as urged by defendant, we are satisfied from a review of the transcript that there was sufficient evidence of defendant's involvement in the offense to sustain a

conviction. The testimony of Lincoln and Von Yarn, if believed by the jury, was sufficient to show defendant's participation in the crimes charged. Even if, as urged, the defendant was charged as an aider and abettor, the evidence satisfies the test of Nye & Nissen v. United States, 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919 (1949). *Nye & Nissen* holds that it must be shown that defendant associated himself with the venture, participated in it as something that he wished to bring about, and sought by his actions to make it succeed. *See also* Mack v. United States, 326 F. 2d 481 (8th Cir. 1964), Mays v. United States, 261 F.2d 662 (8th Cir. 1958).

Defendant's last point is that the court erred in denying his motion to sever the trial of Count IV from the trial of Counts I, II and III. Counts I, II and III charged crimes allegedly committed on February 10, 1971. Count IV charged a crime on October 12, 1971, some eight months later. Defendant claims the trial of the four offenses at the same time was prejudicial to him.

It is of course permissible for the government to join all four counts in the same indictment where, as here, the offenses are "of the same or similar character." Fed.R.Cr.P. 8(a). In addition, the motion for severance here was untimely, not having been made until after the government rested. Finally, no prejudice has been shown by the joinder of the offenses, even though they occurred eight months apart. Severance is a matter committed to the discretion of the trial court and is not subject to reversal unless clear prejudice is shown. United States v. Schroeder, 433 F.2d 846 (8th Cir. 1970). No prejudice has been shown here.

The trial court was attentive to possible prejudicial joinder of defendants, granting separate motions of co-defendants Alexander and Gray for severance and separate trials.

Defendant has also filed a brief Pro Se. We' have examined each of the points raised and find them nonmerito-

rious. Defendant's complaint that the informant's statement was not made available to defendant's counsel until the morning of the first day of trial is without merit. Under the Statute, 18 U.S.C. § 3500, such a statement need not be made available until the witness whose statement is sought has testified. The names of all witnesses except the informant were given to defendant's counsel at an omnibus hearing. In the interest of protecting the personal safety of the informant, it was prudent not to disclose his identity until just before trial. Defendant's objection to the court's reception of rebuttal evidence is likewise meritless. The testimony was properly received without objection as bearing on the credibility of defendant's testimony.

Defendant was represented by competent counsel at trial and in this court. The trial judge afforded defendant a fair trial. Evidence of guilt is substantial and the record is without prejudicial error. We affirm the Judgment of Conviction.