**STATE of Iowa, Appellee,**

**v.**

**Joseph DEWEY, a/k/a George Franklin, Appellant.**

**No. 56436.**

Supreme Court of Iowa.

July 31, 1974.

Simon W. Rasche, Jr., Clinton, for appellant.

Richard C. Turner, Atty. Gen., G. Wylie Pillers, III, County Atty., for appellee.

Heard by MOORE, C. J., and MASON, REES, REYNOLDSON, and Mc-CORMICK, JJ.

MOORE, Chief Justice.

Defendant was charged, tried, convicted and sentenced for the crime of assault with intent to commit robbery in violation of Code section 694.7. He has appealed. We affirm.

The record includes substantial evidence that about 9:30 p. m., March 27, 1972 defendant drove one James Coy to Paul's Discount Store in Clinton, Iowa. Defendant stopped his Cadillac automobile in the parking lot. Coy went to the rear of the store. As Jackie Ellerbrook, store manager, proceeded from the closed and locked store toward his parked car Coy accosted him at gun point. In response to Coy's questions Ellerbrook admitted being the manager with keys to the store and that probably all other employees had departed. Coy demanded "big money—seven or eight thousand dollars. At Coy's insistence and after threats of physical harm Ellerbrook agreed to return and open the store door. When the door was opened Ellerbrook advised Coy the burglar alarm had gone off and the police would be there within a few minutes. Coy stepped back and Ellerbrook closed and locked the door. Defendant then drove his vehicle to the store entrance where Coy jumped in. He was seen doing so by a police officer. With police in pursuit defendant drove west on highway 30 through the towns of DeWitt, Wheatland and Lowden at speeds up to 100 miles per hour. The vehicle driven by defendant was stopped in a collision with a highway patrol car.

On at least three occasions within three weeks prior to the events of March 27 defendant was seen in Paul's Discount Store. On one occasion he was there with Coy.

I. Defendant-appellant first contends the trial court erred in allowing the county attorney, on cross-examination of defendant, to inquire into the specific number of times he had been convicted of felonies. This assignment is without merit, first because the only objection made by defendant's trial counsel was the question was repetitious as defendant had already testified he could not remember how many and secondly because we have uniformly held a witness may be impeached by questioning him about the number of previous felony convictions. State v. Houston, 261 Iowa 1369, 1372, 1373, 158 N.W.2d 158, 160, 161; State v. Van Voltenburg, 260 Iowa 200, 207, 208, 147 N.W.2d 869, 873, 874; State v. Jensen, 245 Iowa 1363, 1367, 66 N.W.2d 480, 482, and citations.

The issues and propositions decided in State v. Martin, Iowa, 217 N.W.2d 536, were not raised in the lower court and are not argued here.

II. Defendant-appellant also contends the county attorney's repeated inquiries if the number of defendant's prior convictions was six constituted misconduct.

This issue was not raised in the lower court and will not be considered for the first time on appeal. State v. Waterman, Iowa, 217 N.W.2d 621, 624; State v. Russell, Iowa, 216 N.W.2d 355, 356.

We do not imply however the county attorney was guilty of misconduct. The record gives no indication of bad faith on his part. The record clearly shows defendant's evasiveness concerning his prior felony convictions. The prosecutor was justified in attempting to refresh defendant's memory in an effort to get an answer. State v. Van Voltenburg, 260 Iowa 200, 207, 147 N.W.2d 869, 873.

III. Defendant-appellant also contends the trial court erred in admitting testimony concerning the conversation between Ellerbrook and Coy which was out of defendant's presence. He argues his hearsay objection should have been sustained. The State points out the testimony was admitted as an exception to the hearsay rule.

Assuming arguendo that testimony was hearsay, it clearly comes within one of the many exceptions to the rule as there is substantial evidence in the record Coy and defendant were carrying out a conspiracy to do an unlawful act.

Where there is substantial evidence of a conspiracy, everthing said or done by any conspirator in furtherance of the common purpose is deemed to have been said by his co-conspirator and may be proved against him. State v. Olson, 249 Iowa 536, 563, 86 N.W.2d 214, 230; Weber v. Paul, 241 Iowa 121, 128, 129, 40 N.W.2d 8, 12, 13; State v. Keul, 233 Iowa 852, 856, 5 N.W.2d 849, 852, and citations; United States v. Sanders, (8 Cir. 1972) 463 F.2d 1086, 1088, and citations.

The general rule is thus stated in 22A C.J.S. Criminal Law § 754, page 1119:

"Where it appears that two or more persons have conspired to commit an offense, everything said, done, or written by one of them during the existence of the conspiracy, and in the execution or furtherance of the common purpose, is admissible in evidence against the others. * * *."

IV. Defendant-appellant asserts the trial court erred by allowing various witnesses who had identified defendant's photograph from a display of seven mug shots to later make an in-court identification of defendant. The trial court found the identifications were based on observations of defendant independent of the photographs and that they had an untainted independent source and origin. Defendant-appellant however takes the position that because the photographs were shown to the witnesses after his arraignment and appointment of defense counsel his rights under the Sixth Amendment to the United States Constitution were violated. This issue is resolved against defendant in United States v. Ash, 413 U.S. 300, 93 S.Ct. 2568, 2579, 37 L.Ed.2d 619, 633, where the court said:

"* * * the Sixth Amendment does not grant the right to counsel at photographic displays conducted by the Government for the purpose of allowing a witness to attempt an identification of the offender. * * *."

V. Defendant-appellant's remaining assigned error is that his motion for directed verdict, on the ground of insufficient evidence, should have been sustained.

On a motion for directed verdict the evidence must be viewed in the light most favorable to the State. The trial court should submit the case to the jury and not direct a verdict if there is any evidence reasonably tending to support the charge. State v. Gray, Iowa, 216 N.W.2d 306, 308; State v. Pardock, Iowa, 215 N.W.2d 344, 346, and citations. Our review of the record reveals sufficient evidence to allow jury determination.

Defendant's contentions are without merit. The judgment of the trial court is affirmed.

Affirmed.